# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT JULIAN-BORCHAK WILLIAMS,

        Plaintiff,                        Case No. 21-10827

v.                                            Hon. Gershwin A. Drain

CITY OF DETROIT, a municipal corporation,
DETROIT POLICE CHIEF JAMES CRAIG, in
his official capacity, and DETECTIVE
DONALD BUSSA, in his individual capacity,

        Defendants.

_____/

## NOTICE OF COMPANION CASES

This notice is filed to explain why plaintiff, upon filing this case, designated it as a companion case to *Oliver v. City of Detroit et al.*, Case No. 20-12711 (Hon. Laurie J. Michelson).

Local rule 83.11(b)(7)(A) provides:

Companion cases are those cases in which it appears that:

(i)     substantially similar evidence will be offered at trial, *or*
(ii)    the same or related parties are present and the cases arise out of the same transaction or occurrence.

LR 83.11(b)(7)(A) (emphasis added). The present case is a companion case to *Oliver* because substantially similar evidence will be offered at trial. The facts at issue in *Oliver* are directly at issue in this case (and vice versa) because in this

case, the plaintiff alleges that he was injured as the result of a policy or custom of unlawful practices and insufficient training by the DPD. The *Oliver* case alleges nearly identical facts and practices by the same defendants as this case, and thus each case is evidence of a policy or custom or lack of training in the other case.

### *Oliver v. City of Detroit et al.*
### Case No. 20-12711 (Hon. Laurie J. Michelson)

In 2019, the plaintiff in *Oliver* was misidentified by the Detroit Police Department's use of facial recognition technology. Detective Bussa, investigating a larceny and assault, relied on the facial recognition results without conducting an adequate investigation. Oliver alleges that DPD and Detective Bussa relied on nothing but a cursory and inadequate photo lineup as the only evidence other than a faulty facial recognition scan to secure a warrant for Mr. Oliver's arrest, resulting in Mr. Oliver's wrongful incarceration. And Detective Bussa failed to disclose critical information about the faulty facial recognition technology and the inadequacy of his investigation to the magistrate judge.

In September 2020, plaintiff Michael Oliver filed a complaint against defendants the City of Detroit and Bussa under 42 U.S.C. § 1983 for violation of his Fourth Amendment rights against unlawful search and seizure and for violation of his Fourteenth Amendment equal protection rights.[1]

---

[1] Mr. Oliver also alleged state-law claims of gross negligence and intentional infliction of emotional distress and violations of the Elliot-Larsen Civil Rights Act,

*Williams v. City of Detroit et al.*
**Case No. 21-10827 (Hon. Gershwin A. Drain)**

Like Mr. Oliver, Mr. Williams brings Fourth Amendment claims under 42 U.S.C. § 1983 against the City of Detroit and Detective Donald Bussa. Both cases assert that the City of Detroit is liable for unconstitutional policies, practices, and customs regarding facial recognition technology, and that Detective Bussa is liable for deliberately or recklessly obtaining a warrant without disclosing necessary information about his investigation and facial recognition technology to the magistrate. The evidence regarding whether the Detroit Police Department had inadequate policies, failed to institute training, and exhibited a custom of acquiescence regarding the misuse of facial recognition technology is going to be substantially the same in both cases. LR 83.11(b)(7)(A)(i). Likewise, the evidence regarding whether defendant Bussa knowingly or recklessly obtained arrest warrants for Mr. Williams and Mr. Oliver under false pretenses will be substantially the same. *Id.* Indeed, each case alleges the existence of a policy or custom of unlawful behavior and insufficient training, and the facts of each case are, therefore, direct evidence in the other case, of the existence of an unconstitutional policy or custom or of an unconstitutional failure to train. In fact,

---

Mich. Comp. Laws. § 37.2302. Judge Michelson remanded all state law claims in the *Oliver* complaint to the Wayne County Circuit Court. Case No. 20-011495-NO (Hon. Lita Popke).

the *Williams* complaint discusses the *Oliver* case in detail as evidence of an

unconstitutional municipal policy or practice. *See Williams* Compl. ¶¶ 232-249.

Respectfully submitted,

/s/ Michael J. Steinberg
Michael J. Steinberg (P43085)
Jeremy Shur*
Deborah Won*
CIVIL RIGHTS LITIGATION INITIATIVE
University of Michigan Law School
701 S. State St., Suite 2020
Ann Arbor, MI 48109
(734) 763-1983
mjsteinb@umich.edu
jshur@umich.edu
debwon@umich.edu

* Student Attorney practicing pursuant to
Local Rule 83.21.

Philip Mayor (P81691)
Daniel S. Korobkin (P72842)
American Civil Liberties Union Fund of Michigan
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6803
pmayor@aclumich.org

Nathan Freed Wessler
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500
nwessler@aclu.org

Counsel for Plaintiff

Dated: 04/13/2021