UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JULIAN-BORCHAK
WILLIAMS,

                Plaintiff,                Case No. 21-cv-10827

v.                                          Hon. Laurie J. Michelson

CITY OF DETROIT, a municipal      Mag. David R. Grand
Corporation, DETROIT POLICE
CHIEF JAMES CRAIG, in his official
Capacity, and DETECTIVE DONALD
BUSSA, in his individual capacity,

                Defendants.
_____/

## JOINT LIST OF UNRESOLVED ISSUES

Pursuant to Executive Magistrate Judge David R. Grand's Practice Guidelines, and in advance of the June 28, 2022, hearing on Plaintiff's Motion to Compel Discovery (ECF No. 19), the parties in this matter jointly submit the following list of unresolved issues:

**Unresolved Issue No. 1:** Whether Defendants should be compelled to produce discovery relating to policies, trainings, and other documents regarding facial recognition technology, lineup procedures, warrant applications, and probable cause that Defendants are withholding on the grounds that these requests are not relevant. (RFPs 1, 2, 4, 14, 15, 19-24, 27; Interrogatories 8, 10, 11).

**Movant's position: Yes.** Plaintiff has stated *Monell* claims for which he is entitled discovery. Defendants are simply refusing to provide any discovery relevant to these claims. Defendants chose not to file a motion to dismiss the *Monell* claims.

They cannot now withhold discovery on these claims simply because they do not like them.

**Respondent's position (including any proposal made to resolve movant's request):** No. Plaintiff's attorneys are attempting to use this lawsuit as an indictment of facial recognition technology. However, the State of Michigan, which is not a party to this lawsuit, employed the facial recognition technology used in this case. The requested discovery, regarding technology not employed in this case, goes far beyond what is relevant to Plaintiff's claims in this lawsuit and is not proportional to the needs of this case.

**Unresolved Issue No. 2:** Whether Plaintiff's discovery requests related to training materials are proportional to the needs of the case (RFPs 14, 19, 20, 21; Interrogatory 11).

**Movant's position: Yes.** As explained in Plaintiff's Reply Brief, ECF No. 21 PageID.666-667, each of the discovery requests seeking training materials includes clear language limiting its scope. Plaintiff is not seeking all department training materials without limitation. Plaintiff is seeking only a limited range of materials used for training officers on a few specified topics directly at issue in this case: facial recognition technology, the conduct of lineups, training for new detectives such as Defendant Donald Bussa, and the proper procedures for establishing probable cause and requesting warrants.

**Respondent's position (including any proposal made to resolve movant's request):** No. Plaintiff's attorneys are attempting to use this lawsuit as an indictment of facial recognition technology. However, the State of Michigan, which is not a party to this lawsuit, employed the facial recognition technology used in this case. The requested discovery, regarding technology not employed in this case, goes far beyond what is relevant to Plaintiff's claims in this lawsuit and is not proportional to the needs of this case.

**Unresolved Issue No. 3:** Whether the fact that the Michigan State Police (MSP) conducted the facial recognition search at issue here limits Defendant's obligation to respond to Plaintiff's discovery requests relating to the Detroit Police Department's (DPD's) use of facial recognition technology (RFPs 1, 2, 15, 22, 23, 24, 27; Interrogatories 8, 10).

**Movant's position: No.** The discovery requests at issue do not seek documents about *who* conducts facial recognition searches; they seek documents explaining

*when and why* facial recognition searches are requested by DPD, *how* search results are utilized by DPD, and *what* DPD knows about facial recognition technology. In the investigation at issue in this case, the DPD requested the search, provided the input photo, and utilized the search results in their investigation. DPD's policies, trainings, and practices regarding the role of facial recognition searches in criminal investigations are at the heart of this lawsuit.

**Respondent's position (including any proposal made to resolve movant's request):** Yes. Rule 26 limits Defendant's obligation under these circumstances. Plaintiff's attorneys are attempting to use this lawsuit as an indictment of facial recognition technology.  However, the State of Michigan, which is not a party to this lawsuit, employed the facial recognition technology used in this case.  The requested discovery, regarding technology not employed in this case, goes far beyond what is relevant to Plaintiff's claims in this lawsuit and is not proportional to the needs of this case.

**Unresolved Issue No. 4:** Whether the redacted and withheld portions of the November 5, 2020 Internal Affairs Report (RFP 11; ECF No. 19-7) and the July 9, 2020 Memorandum (ECF No. 19-9) are protected by the deliberative process privilege.

**Movant's position: No.** Defendants did not properly invoke the deliberative process privilege over the redacted and withheld sections of these documents with adequate specificity or detail. *See* Fed. R. Civ. P. 26(b)(5)(A)(ii), 34(b)(2)(B). Defendants' boilerplate objections do not suffice to invoke the privilege. But even if the privilege were properly invoked, it does not appear that the redacted sections are actually privileged. They seem to pertain to explanations or applications of *existing* department policies and practices and are thus post-decisional, whereas the privilege only permits withholding *pre-decisional* material. In any event, Plaintiff can overcome this qualified privilege given the central importance of these two documents, Plaintiff's inability to obtain internal DPD information from another source, and the significance of this civil rights action.

**Respondent's position (including any proposal made to resolve movant's request):** Yes. The factual information contained in the memos was produced, and the predecisional deliberative portions were redacted.  The redacted portions are privileged under the deliberative process privilege, and no showing has been made to justify disregarding the privilege.

**Unresolved Issue No. 5:** Whether a template non-disclosure agreement between the DPD and the Federal Bureau of Investigation (FBI) can limit discovery in this matter (RFPs 1, 2; Interrogatory 11).

**Movant's position: No.** A party cannot avoid its discovery obligations in federal litigation by entering into a private non-disclosure agreement. Even if the agreement at issue here somehow limited discovery, its scope is limited to FBI trainings and also allows the DPD to seek the FBI's permission to disclose protected documents. The discovery requests at issue cover far more than FBI trainings, and as to any FBI trainings, Defendants have made no indication that they even sought the FBI's permission to produce protected documents.

**Respondent's position (including any proposal made to resolve movant's request):** Yes. First, the information covered by the NDA only relates to the use of facial recognition technology by the Detroit Police Department, which did not occur in this case. Second, the NDA relates to material produced and maintained by the FBI. If Plaintiff wants the FBI's training documents, he should subpoena them from the FBI.

**Unresolved Issue No. 6:** Whether Plaintiff is entitled to additional investigative reports and disciplinary records related to the Department's internal affairs investigation into Mr. Williams' false arrest (RFP 12).

**Movant's position: Yes.** Defendants did not address this discovery request in their Response Brief at all. Just as Defendants produced the November 5, 2020 Internal Affairs Report, they can and should search for and produce any additional documentation stemming from that report or its substance, including but not limited to subsequent Internal Affairs reports and documents created by the Disciplinary Administration. Plaintiff also proposed a protective order tailored to the needs of this case on April 1, 2022, but he has not received a response from Defendants.

**Respondent's position (including any proposal made to resolve movant's request):** The parties discussed producing any investigations predating Mr. Williams arrest subject to a protective order to protect the private information of non-party individuals contained in those reports, but the parties have not yet been able to agree on a protective order. Defendants proposed a protective order on March 25, 2022.

**Unresolved Issue No. 7:** Whether the Court should award attorneys' fees and costs for this motion and the events leading up to it.

**Movant's position: Yes.** Plaintiff attempted, without success, to resolve the bulk of these disputes during two status conferences before Judge Michelson in January and March 2022, and through a series of email and voice communications with Defendants' counsel. Plaintiff filed this motion only after Defendants, during a March 11th meet-and-confer, expressed their outright refusal to negotiate over the disputed requests and told Plaintiff's counsel they would have to file a motion to compel if they wanted the requested documents. Motion practice could have easily been avoided if Defendants were willing to meaningfully discuss these requests when Plaintiff attempted such discussions over three months ago.

**Respondent's position (including any proposal made to resolve movant's request):** Yes. Defendant has engaged in good faith discovery, has supplemented its discovery responses multiple times and has produced: the file related to Plaintiff's arrest; the Detroit Police Department (DPD)'s Manual on Arrests, DPD's Training Directive on Facial Recognition Technology; DPD's Manual on Search and Seizure; DPD's Manual on Facial Recognition; Standard Operating Procedures for the Crime Intelligence Unit; The Internal Affairs reports related to Plaintiff's arrest; DPD's Manual on Eyewitness and Identification and Lineups; DPD's Special Order on Eyewitness Identification and Lineups; DPD's Annual Report on Facial Recognition; 111 emails and their attachments recovered using search parameters requested by Plaintiff; and a video of Plaintiff's interrogation in an unrelated investigation. Plaintiff's motion is not substantially justified, and Defendant is entitled to its expenses incurred in opposing the motion, including attorney's fees.

*/s/ Ramis J. Wadood*  
Ramis J. Wadood (P85791)  
Philip Mayor (P81691)  
Daniel S. Korobkin (P72842)  
American Civil Liberties Union  
  Fund of Michigan  
2966 Woodward Ave.  
Detroit, MI 48201  
(313) 578-6803  
rwadood@aclumich.org  

*Attorneys for Plaintiff Robert Williams*

*/s/ Patrick M. Cunningham*  
Patrick M. Cunningham (P67643)  
City of Detroit Law Department  
*Attorneys for Defendant City of Detroit*

Dated: June 24, 2022

5