UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JULIAN-BORCHAK
WILLIAMS,                                                    Civil Action No. 21-10827

                Plaintiff,                      Laurie J. Michelson
v.                                                                     United States District Judge

CITY OF DETROIT, DETROIT POLICE                 David R. Grand
CHIEF JAMES CRAIG, and DETECTIVE          United States Magistrate Judge
BUSSA,

                Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION TO COMPEL (ECF No. 19)

This case concerns the mistaken identification of plaintiff Robert Julian-Borchak Williams ("Williams") through the use of facial recognition technology, which resulted in his wrongful arrest and detention for a period of approximately 30 hours. Presently before the Court is Williams's motion to compel discovery. (ECF No. 19). This motion was fully briefed (ECF Nos. 20, 21), and the Court held oral argument on June 28, 2022. For the detailed reasons stated on the record, **IT IS ORDERED** that Williams's motion to compel **(ECF No. 19)** is **GRANTED** to the extent discussed. Defendants shall produce the documents and other information ordered during the hearing **within 21 days** and, where appropriate, pursuant to a mutually-agreeable protective order.

The only issue the Court did not resolve at the hearing was whether Defendants properly redacted portions of a November 5, 2020 Internal Affairs Report (the "IA Report") (ECF No. 19-7) and a July 9, 2020 Memorandum from then-Assistant Detroit Chief of

Police, James White, to then-Chief of Police, James Craig (the "Memo") (ECF No. 19-9). Defendants produced to Williams redacted versions of these documents, asserting that the redacted portions are protected by the "deliberative process privilege."[1] In his motion, Williams argues that the IA Report "consisted of summaries [of] interviews with people involved in the Shinola investigation and discussion of issues. However, Defendants redacted key portions of the report— namely, the entire 'Issues and Discrepancies' section and most of the 'Conclusion' section." (ECF No. 19, PageID.235). In support of his argument that he is entitled to the redacted information, Williams argues:

> This request for an unredacted report is highly relevant to all of Mr. Williams's claims and proportional to the needs of the case. This case is about the wrongful arrest of Mr. Williams and the DPD customs and policies that led to the arrest. The 'Issues and Discrepancies' section is highly relevant. Issues and discrepancies described in the IA report should shed light on DPD's own description of its policies and what mistakes DPD and Defendant Bussa made when they handled Mr. Williams's case and enabled his wrongful arrest. The "Conclusion" section is similarly relevant to understand what mistakes transpired from DPD's perspective. The single unredacted paragraph in the "Conclusion" section says that the case was sustained for "several violations of DPD Policy by certain members of the Third Precinct PDU," but the specifics are hidden behind the redacted portions. . . . Moreover, the deliberative process privilege is a qualified privilege that "can be overcome by a sufficient showing of need," such as the document's relevance to the litigation and the unavailability of alternative evidence. *Breakthrough Towing, LLC v. Hall*, No. 15-cv-12526, 2017 WL 1164523, at *3 (E.D. Mich. Mar. 29, 2017). Mr. Williams can overcome a deliberative process privilege claim: because they contain the DPD's own analysis of the investigation in Mr. Williams's case, the "Issues and Discrepancies" and "Conclusion" sections are central to every one of Mr. Williams's claims, and there are no alternative sources of the redacted information.

(*Id.*, PageID.235-36).

---

[1] Defendants also redacted certain third-party personal identifying information.

As to the Memo, Williams argues:

> [The memo] detailed the circumstances surrounding the investigation that led to Mr. Williams's wrongful arrest, the timeline, and the impact of new policies and practices. Defendants redacted the memorandum, including the entirety of the "Impact of New Policy & Practices," on the basis of the deliberative process privilege. No reason whatsoever was given for those redactions. *See* Fed. R. Civ. P. 34(b)(2)(B). It is rather difficult to assess the adequacy of a privilege claim when no explanation for that claim is given. It is likely that any explanation would be inadequate. It seems that the redacted portions are not related to proposed agency policy, but are instead merely descriptions of newly-adopted agency policy. The memo's conclusion corroborates this: it explains that no agency policy was changed as a result of the memo. Thus, because the redacted portions likely reflect agency decisions *already made*, then they are not *pre*-decisional and fall outside of the privilege.

(*Id.*, PageID.259).

In their response brief, Defendants argue that the "Issues and Discrepancies" and "Conclusion" sections of the IA Report

> . . . are "predecisional" and "deliberative." [] These sections of the document proceed the first endorsement by the higher-ranking officer. This document is obviously predecisional because it was generated before the final determination, since it makes a recommendation. The redacted sections are obviously deliberative because they were prepared to help DPD formulate its position. These portions of the document are protected by the deliberative process privilege. Because these sections are predecisional and deliberative, they are privileged.
>
> There is no showing of need for the opinions, recommendations, and analysis of the DPD. Plaintiff has been provided with the factual information contained in the "Investigation" section of the memo, and has also been provided with the materials attached to the memo.

(ECF No. 20, PageID.533).

Similarly, as to the Memo, Defendants argue, "the factual information contained [therein] was produced, and the predecisional deliberative portions were redacted. The

3

redacted portions are privileged under the deliberative process privilege, and no showing has been made to justify disregarding the privilege." (*Id.*, PageID.536).

The "deliberative process privilege" protects from disclosure "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1974). *See also Brown v. City of Detroit*, No. 2:19-CV-12811, 2020 WL 633824, at *1 (E.D. Mich. Feb. 11, 2020). The purpose of the deliberative-process privilege "is to foster freedom of expression among governmental employees involved in decision making and policy formulation." *Ostoin v. Waterford Twp. Police Dept.*, 189 Mich. App. 334, 338 (Mich. App. Ct. 1991). Only material that is (1) "predecisional"; and (2) "deliberative" qualify for protection under this privilege. *U.S. Fish and Wildlife Serv. v. Sierra Club, Inc.*, 141 S. Ct. 777, 785-86 (2021). "Documents are 'predecisional' if they were generated before the agency's final decision on the matter, and they are 'deliberative' if they were prepared to help the agency formulate its position." *Id.* at 786. "[P]urely factual, investigative matters that are severable without compromising the private remainder of the documents do not enjoy the protection of the exemption." *Norwood v. F.A.A.*, 993 F.2d 570, 577 (6th Cir. 1993) (citations and quotations omitted). When assessing whether materials fall within this privilege, the proper question is "whether the material sought is factual or evaluative" as "factual material falls outside the scope of the privilege; to be protected, the material must comprise part of the deliberative or evaluative process." *Id.* Moreover, even if the materials are found covered by the privilege, they may still be disclosed upon "a sufficient showing of need." *Id.*

4

At the Court's direction, following the hearing, Defendants' counsel provided the Court with unredacted copies of the two documents in question.  The Court has carefully reviewed the redacted information and considered it against the aforementioned standards.  For the redactions the Court agrees with, it is fair to say that the redacted material is not factual in nature, but rather reflects the thought processes, evaluations, deliberations, and recommendations by the reviewing Sergeant.  *N.L.R.B.*, 421 U.S. at 150; *Brown*, 2020 WL 633824, at *1.  This information is both "predecisional" and "deliberative."  *Sierra Club*, 141 S. Ct. at 786.  Williams has not shown that he has a need for this properly-redacted information because he has been provided with the salient factual information.  To the extent the Court is ordering Defendants to unredact certain portions of the documents in question, it is because those portions reflect purely factual material that is relevant to Williams's claims, the disclosure of which reveals nothing about Defendants' evaluation or deliberative process.  *Norwood*, 993 F.2d at 577.

The Court now turns to its specific rulings as to the challenged redactions:

- **IA Report** – The redactions on Pages 4-5 and 35-36 of the IA Report are appropriate.  Those redactions are of personal identifying information of third parties that is not relevant to the issues in this case, and the facts of the underlying matters were provided.  Defendants redacted the entirety of the "Issues and Discrepancies" and the "Conclusion" Sections of the IA Report, beginning on Page 37.  The Court rules as follows as to the Sections in question:[2]

    > Page 37 – The paragraph beginning with "The policy . . ." up to the word "balances" must be unredacted.  The remaining portion of the sentence after the word "balances" may remain redacted.  The rest of paragraph, starting with the word "Additionally," must be unredacted.

---

[2] Any page, paragraph, portion of a paragraph, or heading within the relevant pages that is not specifically discussed has been properly redacted.

5

Page 38 – The paragraph beginning with "Lieutenant . . ." must be unredacted. The next paragraph must be unredacted, with the following exceptions: (1) The sentence beginning with "Although Detective Bussa . . ." may remain redacted; (2) in the next sentence, the seven words from "had no" to "regarding this" may remain redacted; (3) the sentence of the paragraph beginning with "I found . . ." may remain redacted; and (4) the bolded, all-caps word at the end may remain redacted. The paragraphs beginning with "Ms. . . ." and "Both Detectives" must be unredacted.

Page 39 – The first two paragraphs (beginning with "Detective . . ." and "Detective Bussa," respectively) must be unredacted. The third-to-last and second-to-last paragraphs (beginning with "Detective Bussa" and "Captain . . .," respectively) must be unredacted.

Page 40 – The second paragraph beginning with "Detective Bussa" must be unredacted. The final three paragraphs (beginning with "Detective Bussa," "Lieutenant . . .," and "Captain . . .," respectively) must be unredacted.

Page 41 – The first two lines that complete the last paragraph from Page 40 must be unredacted. The second and third full paragraphs (beginning with "Detective Bussa" and "Captain . . .," respectively) must be unredacted.

Pages 42-45 – No changes to Defendants' redactions are required.

Pages 46-48 – These pages were not included with the version of the IA Report filed on the docket. (ECF No. 19-7). However, these pages were provided to the Court for in camera review, and the Court finds that they are properly redacted in their entirety.

- **Memo** – The Court finds that the redactions to the Memo were proper as they are not factual in nature, but instead reflect evaluations and deliberations by City of Detroit Police Department officials regarding both the events in question and policy changes.

Defendants shall produce copies of the IA Report and Memo with the proper redactions as described above within **21 days**.

**IT IS SO ORDERED.**

Dated: June 30, 2022  　　　　　　　　　　　s/David R. Grand  
Ann Arbor, Michigan  　　　　　　　　　　　DAVID R. GRAND  
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 30, 2022.

                                           s/Eddrey O. Butts
                                           EDDREY O. BUTTS
                                           Case Manager