# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT JULIAN-BORCHAK WILLIAMS,

        Plaintiff,

v.

CITY OF DETROIT, a municipal corporation,
DETROIT POLICE CHIEF JAMES WHITE,
in his official capacity, and DETECTIVE
DONALD BUSSA, in his individual capacity,

        Defendants.

_____/

Case No. 21-cv-10827

Hon. Laurie J. Michelson

**MOTION FOR LEAVE TO
FILE AMENDED
COMPLAINT**

Michael J. Steinberg (P43085)
Ben Mordechai-Strongin*
Lauren Yu*
William Ellis*
Mickey Terlep*
Julia Kahn*
Civil Rights Litigation Initiative
University of Michigan Law School
701 S. State St., Suite 2020
Ann Arbor, MI 48109
(734) 763-1983
mjsteinb@umich.edu
bmstrong@umich.edu
laurenyu@umich.edu
wwellis@umich.edu
mterlep@umich.edu
jekahn@umich.edu

* Student Attorney practicing pursuant to
Local Rule 83.21.

_____/

Philip Mayor (P81691)
Daniel S. Korobkin (P72842)
Ramis J. Wadood (P85791)
American Civil Liberties
Union Fund of Michigan
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6803
pmayor@aclumich.org
dkorobkin@aclumich.org
rwadood@aclumich.org

Nathan Freed Wessler
American Civil Liberties
Union Foundation
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500
nwessler@aclu.org

## <u>MOTION FOR LEAVE TO FILE AMENDED COMPLAINT</u>

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff Robert Williams respectfully moves this Court for leave to file the attached Amended Complaint.[1] Plaintiff sought Defendants' position on amending the complaint, and Defendants do not consent to the proposed amended complaint.

Rule 15 provides that after the 21 days during which a pleading can be amended without leave, a court may grant leave to file an amended complaint. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Allowing Plaintiff to file the amended complaint would serve justice without creating "undue delay" or "undue prejudice." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff seeks leave to amend the complaint to reflect additional facts learned in discovery, including critical facts bolstering and clarifying Plaintiff's municipal liability claim against Defendant City of Detroit pursuant to *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658 (1978). For example, when Plaintiff originally filed his Complaint, the facts known to him indicated that the central basis for liability of the City and the Chief of the Detroit Police Department ("DPD") in this case stemmed from a failure to train DPD detectives

---

[1] Pursuant to the Court's Case Management Requirements and Scheduling Order (ECF No. 14), the proposed Amended Complaint is redlined to show the proposed changes to the pleading.

on the use of facial recognition technology. Complaint, ECF No. 1 ¶¶ 195–218, 257–68. Document discovery and deposition testimony have demonstrated that that the failures to train and supervise that resulted in Plaintiff's wrongful arrest were broader in scope than previously understood. Such failures, as described in detail throughout the Amended Complaint, include failure to train on conducting eyewitness photo lineups, failure to train on submitting warrant requests, and failure to train on properly investigating a case. Indeed, discovery has uncovered that at the times relevant to this matter, DPD was promoting beat officers to become investigators without providing them with any additional training at all. Additionally, Rule 30(b)(6) depositions have clarified deficiencies in the City's policies regarding facial recognition technology. Amendment of the complaint will ensure that the full basis for Plaintiff's Fourth Amendment *Monell* claim (Count II) is reflected in the pleadings. Moreover, because the Amended Complaint does not seek to add new counts, but rather adds facts and detail to the existing *Monell* count, and because the additional facts in the Amended Complaint come from Defendants' own document discovery and deponents, Defendants cannot reasonably claim to be surprised by the amendments, nor will they be unduly burdened by them.[2]

---

[2] The additions in Plaintiff's Amended Complaint relate back to "the conduct, transaction, or occurrence set out . . . in the original pleading," so amendment will not trigger any statute of limitations issue. Fed. R. Civ. P. 15(c)(1)(B).

Plaintiff is seeking leave to amend the complaint as soon as practicable after learning new facts through discovery. Delays in production of documents by Defendants have required multiple extensions of discovery deadlines in this case, and Defendants' initial four Rule 30(b)(6) deponents, whose testimony was critical to elucidating the scope of the City's failures to train and supervise, were not made available until February and April 2023. As the Court is aware, Plaintiff is still awaiting the scheduling of remaining 30(b)(6) depositions and the receipt of Defendants' counter-proposal for a stipulation on training of detectives. Dispositive motions are not due until October. (*See* Stipulated Order to Amend Scheduling Order, ECF No. 41, PageID.726). Further, Plaintiff sought Defendants' position on amendment of the complaint on March 3, 2023, and provided a copy of the draft proposed amended complaint to Defendants on March 10. Defendants did not respond with their lack of consent until April 20; Plaintiff is filing this motion less than a week later.

Plaintiff has diligently prosecuted this case through the discovery process, and is seeking to amend the complaint at the earliest opportunity.

Additionally, the original complaint named then-Chief of Police James Craig as a defendant in his official capacity. Chief Craig is no longer Chief of the Detroit Police Department, and has been succeeded in that office by Chief James White. Pursuant to Federal Rule of Civil Procedure 25(d), Chief White should be

"automatically substituted as a party." Plaintiff has done so in the caption of this motion, and in the proposed amended complaint.

For the foregoing reasons and those stated in the attached brief in support of this motion, Plaintiff respectfully requests that this Court GRANT Plaintiff leave to file the attached Amended Complaint.

Respectfully submitted,

/s/Michael J. Steinberg
Michael J. Steinberg (P43085)
Ben Mordechai-Strongin*
Lauren Yu*
William Ellis*
Mickey Terlep*
Julia Kahn*
CIVIL RIGHTS LITIGATION INITIATIVE
University of Michigan Law School
701 S. State St., Suite 2020
Ann Arbor, MI 48109
(734) 763-1983
mjsteinb@umich.edu

* Student Attorney practicing pursuant to
Local Rule 83.21

Philip Mayor (P81691)
Daniel S. Korobkin (P72842)
Ramis Wadood (P85791)
American Civil Liberties Union Fund of Michigan
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6803
pmayor@aclumich.org
dkorobkin@aclumich.org
rwadood@aclumich.org

Nathan Freed Wessler
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500
nwessler@aclu.org

Counsel for Plaintiff
Dated: 04/25/2023

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ROBERT JULIAN-BORCHAK WILLIAMS,

Plaintiff,

v.

CITY OF DETROIT, a municipal corporation,
DETROIT POLICE CHIEF JAMES WHITE,
in his official capacity, and DETECTIVE
DONALD BUSSA, in his individual capacity,

Defendants.

_____/

Case No. 21-cv-10827

Hon. Laurie J. Michelson

**PLAINTIFF'S BRIEF IN
SUPPORT OF MOTION
FOR LEAVE TO FILE
AMENDED COMPLAINT**

Michael J. Steinberg (P43085)
Ben Mordechai-Strongin*
Lauren Yu*
William Ellis*
Mickey Terlep*
Julia Kahn*
Civil Rights Litigation Initiative
University of Michigan Law School
701 S. State St., Suite 2020
Ann Arbor, MI 48109
(734) 763-1983
mjsteinb@umich.edu
bmstrong@umich.edu
laurenyu@umich.edu
wwellis@umich.edu
mterlep@umich.edu
jekahn@umich.edu

* Student Attorney practicing pursuant to
Local Rule 83.21.

Philip Mayor (P81691)
Daniel S. Korobkin (P72842)
Ramis J. Wadood (P85791)
American Civil Liberties
Union Fund of Michigan
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6803
pmayor@aclumich.org
dkorobkin@aclumich.org
rwadood@aclumich.org

Nathan Freed Wessler
American Civil Liberties
Union Foundation
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500
nwessler@aclu.org

_____/

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

### ISSUE PRESENTED

Should this court grant Plaintiff leave to amend his complaint, including to allege facts in support of his municipal liability claim based on new information uncovered in recent discovery?

**Plaintiff's Answer:** Yes.

**Defendants' Answer:** No.

### INTRODUCTION

Plaintiff seeks leave to amend his complaint to reflect significant facts learned through discovery. Amendment would serve two purposes: first, Plaintiff can ensure that his existing claims are fully articulated in light of these new facts, and second, Defendants can rest assured that they are on full notice of how these new facts relate to and support Plaintiff's claims. Amendment will neither prejudice Defendants nor delay progress of the case. Plaintiff seeks leave to amend as soon as practicable after learning these new facts from Defendants, and nearly six months before dispositive motions are due. And Plaintiff's amendments should not necessitate any additional discovery by either party.  Under Federal Rule of Civil Procedure 15(a)(2)'s liberal standard, leave to amend the complaint is justified.

2

Plaintiff filed a Complaint initiating this case on April 13, 2021. ECF No. 1, PageID.3. The Court entered its initial scheduling order on August 16, 2021 (ECF No. 14, PageID.208), setting the close of fact discovery for June 13, 2022. Plaintiff sent his first set of discovery requests to Defendants on October 29, 2021, and sent additional discovery requests as Defendants' disclosures raised new questions. Document discovery concluded only after a series of disputes and delays,necessitating five discovery conferences, one motion to compel (*see* Order Granting Mot. to Compel, ECF No. 29), and six extensions of the discovery period (*see* ECF Nos. 17, 30, 33, 36, 38, & 41).

Despite these obstacles, Plaintiff began taking depositions of fact witnesses in October 2022. Numerous delays in scheduling of depositions by Defendants mean that depositions continue even now, more than six months later. Depositions of Defendants' Rule 30(b)(6) witnesses, which were among the most significant to discovering and confirming the facts that necessitate the amendments in Plaintiff's amended complaint, did not take place until February 2, February 10, and April 6 Two 30(b)(6) depositions remain to be taken, and those were only scheduled after the Court ordered designation and production of additional deponents at the April 13 discovery conference.

Although Defendants are still satisfying their discovery obligations, Plaintiff sought Defendants' consent to amend his complaint on March 3, 2023, to reflect

3

new facts learned during discovery, and provided a redlined draft amended

complaint to Defendants on March 10. On April 20, Defendants communicated

their opposition to Plaintiff's request to amend the complaint.

Through documents produced in discovery, and even more so through

depositions, Plaintiff has uncovered facts that he seeks to incorporate into in his

complaint to ensure his complaint is as accurate and robust as possible ahead of

expert discovery and summary judgment briefing in the coming months. In

particular, Plaintiff seeks leave to amend his complaint to reflect additional facts

gleaned during the later stages of discovery (namely depositions) that bolster and

clarify Plaintiff's municipal liability claim against Defendants City of Detroit and

Chief James White (in his official capacity)[1] pursuant to *Monell v. Department of

Social Services of City of New York*, 436 U.S. 658 (1978). To be clear, Plaintiff

does not seek to add any new claims or new defendants. He simply seeks to revise

and expand his existing factual allegations and legal claims using information

obtained during discovery. Because the amendments are based almost entirely on

information provided by Defendants (or their employees), and because the timing

of this motion is a result of discovery delays of Defendants' own making,

---

[1] As explained in the accompanying motion for leave to amend the complaint, the
current Chief of Police, James White, should be automatically substituted for
former Chief Craig as an official-capacity defendant, pursuant to Federal Rule of
Civil Procedure 25(d).

4

Defendants will not be prejudiced by granting leave to amend. Accordingly, granting leave to amend would effectuate the Federal Rules' "liberal policy of permitting amendments to ensure the determination of claims on their merits." *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).

## RELEVANT FACTS

Below, Plaintiff briefly summarizes his proposed amendments to his complaint.

- The Proposed Amended Complaint includes new details regarding the Shinola Investigation that led to Plaintiff's arrest, such as DPD detectives' failure to take witness statements from witnesses who were present during the theft and DPD's failure to collect evidence from the scene of the crime. Ex. A, Proposed Amended Complaint, ¶ 8.

- The Proposed Amended Complaint provides more explicit details regarding the unconstitutionally suggestive lineup process, including that the non-eyewitness looked at a photo from the surveillance footage during the lineup and that Defendant Bussa was in the room during the lineup. *Id*. ¶¶ 8, 95-98.

- The Proposed Amended Complaint also includes new allegations of exculpatory evidence omitted from the request for warrant that Plaintiff recently uncovered. *Id*. ¶¶ 9, 11, 12, 106, 108.

- The Proposed Amended Complaint adds a paragraph alleging that Defendant Bussa knew the investigative lead he possessed from FRT was of an outdated photo. *Id.* ¶ 83.

- The Proposed Amended Complaint adds new information about the request for warrant procedure that led to Mr. Williams' arrest. *Id.* ¶¶ 114-16.

- The Proposed Amended Complaint augments and further particularizes Plaintiff's claims that detectives, including Defendant Bussa, received insufficient training. *Id.* ¶¶ 13-15, 201. The amendments highlight DPD's failure to train on facial recognition technology, lineup procedures, and requests for warrants. *Id.* ¶¶ 77, 209-16, 274-92, 309-11. The Proposed Amended Complaint also addresses the newly learned fact that, for several years, newly promoted detectives received absolutely no specialized training; instead DPD supervisors relied on ad hoc "on-the-job" training from more senior detectives for new promotes. *Id.* ¶¶ 267-72.

- The Proposed Amended Complaint addresses facts uncovered during discovery indicating that few detectives actually read updated DPD directives, policies, and manual changes because of a lack of oversight and enforcement methods to ensure detectives do required reading. *Id.* ¶¶ 87, 273.

- The Proposed Amended Complaint also provides greater detail about FRT itself and the FRT search process utilized by MSP and DPD. *Id.* ¶¶ 31-32, 112, 232, 311.

- The Complaint included an image of the shoplifter that DPD had previously released; the Proposed Amended Complaint updates the image with what appears to be a native version that was used by DPD in conducting the FRT search and that Defendants provided in discovery. *Id.* ¶ 68.

- The Proposed Amended Complaint includes Plaintiff's post-traumatic stress disorder diagnosis, which was diagnosed after filing the original Complaint and which Defendants have been aware of for months. *Id.* ¶¶ 207-08.

- The Proposed Amended Complaint updates the requests for injunctive relief in light of information Plaintiff uncovered regarding the processes for conducting a facial recognition technology search and DPD's lax standards for using results of searches performed by MSP. *Id.* ¶ 321(h).

- The Complaint names former Chief Craig as a defendant. Craig has since left the DPD; as such the Proposed Amended Complaint removes Craig as a defendant, alters his title throughout to then-Chief and adds the current Police Chief, James White, as a defendant. *Id.* ¶ 22.

- The Proposed Amended Complaint corrects several typographical errors, updates Mr. Williams' age, and updates information such as the list of jurisdictions that ban FRT in light of recent developments. *Id*. ¶ 54.

- Plaintiff has updated allegations regarding DPD's use-of-FRT policies, in light of deposition testimony making clear that several policy versions described in the original complaint were actually draft policies that were never implemented. *Id*. ¶¶ 217-29, 235, 302, 303, 305, 306.

- The original Complaint stated that Mr. Williams does not own a Shinola watch. The Proposed Amended Complaint reflects that Mr. Williams now owns one Shinola watch – a gift he received from his employer for 10 years with the company. *Id*. ¶ 128.

- Finally, based on footage provided to the Plaintiff through discovery, the Proposed Amended Complaint corrects some quotes previously included. *Id*. ¶¶ 180-82.

## **ARGUMENT**

Plaintiff seeks to amend his complaint in order to reflect important facts gleaned during the course of discovery. Federal Rule of Civil Procedure 15(a)(2) provides that a party is permitted to amend its pleadings at any time after a responsive pleading has been served either upon written consent from the adverse party or by leave of the court. Absent consent, "the court should freely give leave

when justice so requires." Fed. R. Civ. P. 15(a)(2). The Sixth Circuit has made clear that motions for leave to amend should be liberally granted in furtherance of "Fed. R. C. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits." *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). *See also Morse v. McWhorter*, 290 F.3d 795, 799-800 (6th Cir. 2002). Leave should be granted unless there is "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, [or] futility of amendment. *Gen. Elec. Co.*, 916 F.2d at 1130 (quoting *Hageman v. Signal L.P. Gas, Inc.* 486 F.2d 479, 484 (6th Cir. 1973)); *see also Foman v. Davis*, 371 U.S. 178 (1962) (providing the same list of reasons to deny a motion for leave to amend a complaint).

None of the factors that counsel denial of a motion for leave to amend are present in this case. To the contrary, Plaintiff's proposed amendments are critical to the full determination of his claims, are offered in good faith as soon as practicable after learning new facts in discovery, will not prejudice the Defendants, and reflect facts provided by Defendants themselves or about which they have been on notice throughout a significant portion of this case. Consequently, justice requires that this Court "freely give" leave to file the attached amended complaint. Fed. R. Civ. P. 15(a)(2).

### a.  Plaintiff's Proposed Amendments Will Conform His Pleadings to Facts Learned in Discovery.

The amendments Plaintiff makes in the proposed amended complaint are necessary to reflect the full scope of facts supporting Plaintiff's theory of liability against Defendants City of Detroit and Chief White, as well as to correct existing allegations in light of facts learned in discovery. Plaintiff does not seek to add any new legal claims. Rather, the amendments largely adduce facts and allegations that make clear the extent of the municipal defendants' liability, which has been at issue since the initiation of this case.

Courts generally permit plaintiffs leave to amend a complaint "to conform to matters she has learned during the discovery process" because doing so ensures that "the entire dispute between the parties will be presented and will be resolved." *Sargent v. Am. Greetings Corp.*, 588 F. Supp. 912, 926 (N.D. Ohio 1984). *Accord, e.g.*, *Elec. Data Sys., LLC v. Syncreon Am. Inc.*, No. 09-13660, 2011 WL 13217043, at *2–3 (E.D. Mich. July 6, 2011); *Ruffino v. Archer*, No. 3:17-CV-00725, 2018 WL 10152455, at *2–3 (M.D. Tenn. Apr. 9, 2018). Thus, "if a plaintiff decides to advance a new claim as a result of such discovery, liberal amendment of the complaint is provided for by Rule 15(a)." *Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005). Liberally granting leave to amend ensures that the complaint fulfils its purpose of "giv[ing]

the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quotations omitted), and avoids "subject[ing] defendants to unfair surprise" at summary judgment. *Tucker*, 407 F.3d at 788.

Permitting amendment will ensure that Defendants are on notice of the nuances of Plaintiffs' particular theories of liability. *See, e.g., Tucker*, 407 F.3d at 788. This will avoid later litigation over whether the complaint encompasses all the bases of liability, as has arisen in cases where plaintiffs opted not to amend following discovery. *See, e.g., Bazzi v. City of Dearborn*, 2010 WL 11544934, at *4 (E.D. Mich. March 17, 2010) (unpublished) (granting summary judgment against plaintiff who alleged a failure-to-train claim in their complaint, but pursued a failure-to-supervise claim at summary judgment).

Here, Plaintiff is not adding any new claims, but seeks to amend his complaint to ensure that Defendants are on full notice of the scope of the failure-to-train, failure-to-supervise, and deficient-policy *Monell* municipal liability claims in his complaint. In Plaintiff's original complaint, most of his allegations against the City of Detroit and the Chief of Police related to DPD's failure to train and implement adequate policies involving the proper use of facial recognition technology ("FRT"). *See* Complaint, ECF No. 1 ¶¶ 257–68. However, Plaintiff has come to learn through depositions and document discovery that Defendants'

11

failures to train, supervise, and implement policy extend well beyond facial

recognition technology and reach other areas relevant to the claims in this case,

such as probable cause, eyewitness identification, and warrant submission

requirements. *See* Proposed Amended Complaint ¶¶ 267–92. Failures to train,

supervise, and implement policy in these areas each contributed to Plaintiff's

wrongful arrest. *Id*. ¶¶ 300–14.

For example, it was not until Plaintiff's counsel heard repeated comments

from Defendant Bussa (deposition on 10/24/2022 and 11/03/2022), Benjamin

Atkinson (deposition on 11/09/2022), and Stevie Posey (deposition on

11/22/2022), that Plaintiff learned about the startling dearth of training provided by

DPD to its detectives on numerous critical topics in addition to the failure to

provide training regarding FRT. In these depositions, Plaintiff learned that DPD

had a pattern and practice at relevant times of promoting police officers to become

detective without providing them with *any* formal training on how to conduct

investigations and obtain warrants.  At their depositions, officers acknowledged

this lack of training and gave inconsistent and contradictory answers regarding

proper line-up procedures, eyewitness identification procedures, and probable

cause. During former-Chief Craig's March 8, 2023 deposition, Craig expressly

blamed Defendant Bussa's supervisors for failing to supervise him. Tr. at 74:22-

76:18 ("[A:] a case like this, especially a newer detective, couple of questions

12

came to mind. Where was the supervisor? Where was the manager? Why wasn't there some early intervention ...? I felt there could have been more scrutiny at the beginning . . . .").  Further, because Defendants have been reluctant to describe how DPD processes and reviews FRT requests, it was through the depositions of witnesses from MSP, on January 10, 2023, that Plaintiff learned of severe deficiencies in how the technology is actually used. Finally, because of inconsistent responses from detectives, counsel did not receive an answer on DPD's general training requirements and procedures until two 30(b)(6) depositions on February 2 and 10, 2023.

Justice will be served by permitting Plaintiff to conform the complaint to the information learned through discovery about the torrent of system-level flaws contributing to Plaintiff's wrongful arrest.

### b.  Plaintiff's Request Is Made Without Undue Delay and in Good Faith.

Plaintiff seeks leave to amend the complaint as soon as practicable after learning the new operative facts through discovery, and six months prior to the late-October 2023 dispositive motions deadline in this case.

The operative Scheduling Order provides no deadline by which Plaintiff is entitled to amend his complaint. ECF No. 14, PageID.208. Instead, it provides for amendment of pleadings pursuant to Fed. R. Civ. P. 15, which instructs courts to "freely give leave [to amend a complaint] when justice so requires." "The rule

embodies a 'liberal amendment policy,'" even in the face of competing interests or potential prejudice. *Brown v. Chapman*, 814 F.3d 436, 442-43 (6th Cir. 2016) (quoting *Morse*, 290 F.3d at 800).

The amendments Plaintiff proposes are largely reflective of information learned during fact witness depositions, which, due to lengthy delays in receiving discovery from Defendants, did not begin until October 2022, and have not yet concluded. Plaintiff diligently began preparing this amended complaint once these depositions began to unveil the Detroit Police Department's total failure to train detectives. The most critical depositions addressing the Department's widespread failures to train, supervise, and implement policy were the Rule 30(b)(6) depositions of Deputy Chief Franklin Hayes and Director of Professional Standards and Constitutional Policing Christopher Graveline, which were taken in early February 2023. Following receipt of the transcripts of those depositions, Plaintiffs promptly incorporated the newly disclosed information into a draft amended complaint. On March 3, 2023, Plaintiff's counsel notified Defendants' counsel of their intent to file an amended complaint and sought Defendants' consent. Defendants' counsel responded on March 7, asking to see a copy of the proposed amended complaint. Plaintiff's counsel provided a redlined copy of the proposed amendments on March 10. Defendants did not communicate their

14

opposition to Plaintiff's proposed amendments until six weeks later, on April 20, 2023.

Plaintiff has acted diligently in pursuing discovery and preparing an amended complaint in this case, and provided a draft amended complaint to Defendants as soon as practicable given the pace of the discovery process.

Under Rule 15(b), amendment is proper as long as there has not been *undue* delay. *Janikowski*, 823 F.2d at 951. Delay is not undue when it does not cause "ascertainable prejudice" and when it is not meant to harass defendants. *Id. See also Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). Indeed, delay alone is "not a permissible reason, in and of itself to disallow an amendment of a pleading." *Id.* at 639 n.2. Here, the amendments are offered as soon as practicable after learning new facts in discovery.

Further, the amendments to the complaint will not require extension of any deadlines in the case. The allegations contained in the amendments to the complaint relate to Defendants' own conduct, and facts relevant to those allegations are already known to Defendants and their employees. Plaintiff cannot imagine any of his amendments could plausibly trigger the need for new discovery that Defendants have not already had the notice and opportunity to request.

In sum, Plaintiff's request is made without undue delay and in good faith.

### c. Defendant's Will not Be Prejudiced by the Filing of an Amended Complaint.

Defendants will not be prejudiced by amendments that reflect information revealed by Defendants themselves (and their employees) in discovery.

In the Sixth Circuit, defendants must clear a high bar to show prejudice. For example, amendments that implicate an interest even as important as the finality of a judgment may still be granted, despite the potential prejudice to defendants. *Morse*, 290 F.3d at 800.

Plaintiff's proposed amendments do not come close to that threshold. There are no new claims in Plaintiff's amended complaint. Additionally, most of the new factual allegations come from evidence that was provided by Defendants themselves. The remainder of the new allegations come from evidence provided by Michigan State Police, to which Defendants have had full access. Defendants' counsel was present and asked questions at the depositions of the two representatives of the Michigan State Police who Plaintiff deposed. Defendants' counsel has also been provided all documents Plaintiff has received from Michigan State Police. The sole piece of new information coming from Plaintiff's own information is Robert Williams' PTSD diagnosis. But Defendants' counsel has known about that diagnosis for nearly half a year since Mr. Williams' deposition on October 27, 2022. 10/27/2022 Dep. of Robert Williams Tr. at 31:20–32:2 ("Q:

16

What injuries did you suffer [as a result of your arrest on January 9th, 2020]? A: The PTSD .... Q: Has anyone ever diagnosed you with PTSD? A: Yes."). Because Defendants have all relevant evidence, they are in no way burdened by these new allegations. In fact, nearly all of the allegations came directly from employees of Defendant City of Detroit.

Moreover, as of the current Scheduling Order (ECF No. 41, PageID.726), dispositive motions are not due to be filed until October 24, 2023. This gives defendants six months to prepare and respond to the amended complaint in any motion for summary judgment. (And again, Defendants have already been on notice of the facts underlying the amendments as they have come to light in discovery.)

Because Defendants have been on notice of these additional factual allegations and because the original complaint already alleged theories of municipal liability stemming from failure to train, failure to supervise, inadequate policies, and deficient investigatory customs or practices, none of the amendments unduly prejudice the defendants.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant his motion for leave to amend the complaint and permit Plaintiff to file his proposed amended complaint.

Respectfully submitted,

/s/Michael J. Steinberg
Michael J. Steinberg (P43085)
Ben Mordechai-Strongin*
Lauren Yu*
William Ellis*
Mickey Terlep*
Julia Kahn*
CIVIL RIGHTS LITIGATION INITIATIVE
University of Michigan Law School
701 S. State St., Suite 2020
Ann Arbor, MI 48109
(734) 763-1983
mjsteinb@umich.edu

* Student Attorney practicing pursuant to
Local Rule 83.21

Philip Mayor (P81691)
Daniel S. Korobkin (P72842)
Ramis Wadood (P85791)
American Civil Liberties Union Fund of Michigan
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6803
pmayor@aclumich.org
dkorobkin@aclumich.org
rwadood@aclumich.org

Nathan Freed Wessler
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500
nwessler@aclu.org

Counsel for Plaintiff
Dated: April 25, 2023

18