## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ROBERT JULIAN-BORCHAK WILLIAMS,

                Plaintiff,                   Case No. 21-10827

v.                                           Hon. Laurie J. Michelson

CITY OF DETROIT, a municipal corporation,
DETROIT POLICE CHIEF JAMES CRAIG,
in his official capacity, and DETECTIVE
DONALD BUSSA, in his individual capacity,

                Defendants.

_____

## DEFENDANTS' MOTION FOR MENTAL EXAMINATION OF PLAINTIFF

**NOW COME** Defendants and for their Motion for Mental Examination of Plaintiff, state as follows:

1. Plaintiff's allegations in this lawsuit include his claim that he has been diagnosed with post traumatic stress disorder (PTSD). (**Exhibit A**). Plaintiff's answers to interrogatories dated February 7, 2023.

2. On March 21, 2023, Defendants requested Plaintiff to appear for a mental examination with a psychiatrist, Dr. Craig Lemmen on April 10, 2023. (**Exhibit B**).

3. At the time Defendants made the request, Fact Discovery was open through April 10, 2023, Plaintiff's Expert Disclosures were due by April 21, 2023 and

Expert Discovery was open through August 10, 2023. (ECF No. 38, PageID.721).

4. On March 24, 2023 Plaintiff's counsel indicated they would not produce their client for an examination. (**Exhibit C**).

5. On April 3, 2023, Defendants requested a conference with the court in an attempt to resolve this matter.

6. On April 7, 2023, the court held a telephone status conference in an attempt to resolve the issue, and provided the parties with some suggestions on resolving the issue.

7. On April 12, 2023, Defendants proposed a Stipulated Order for Mental Examination in order to resolve this matter without court action. (**Exhibit D**).

8. On April 17, 2023, Plaintiff rejected the proposed Stipulated Order. (**Exhibit E**).

9. On April 19, 2023, the court entered a Stipulated Order to Amend Scheduling Order, which extended outstanding fact discovery until May 15, 2023, provided for Plaintiff's expert disclosures by May 26, 2023 and Expert Discovery through September 14, 2023. (ECF No. 41, PageID.726).

10. Plaintiff's mental condition is in controversy.

11. The court may order Plaintiff to submit to a mental examination. Fed. R. Civ. P. 35(a)(1).

12. There is good cause for the court to enter an order for Plaintiff to submit to a mental examination so that Defendants may evaluate Plaintiff's claim that he suffered PTSD as a result of the incident underlying this lawsuit.

13. There was a conference between attorneys in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought.

**WHEREFORE**, Defendants request that this Honorable Court order Plaintiff to submit to a mental examination.

Respectfully submitted,

/s/ Patrick M. Cunningham
PATRICK M. CUNNINGHAM (P67643)
City of Detroit Law Department
Attorneys for Defendants
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-5032
DATED: May 2, 2023          cunninghamp@detroitmi.gov

3

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ROBERT JULIAN-BORCHAK WILLIAMS,

               Plaintiff,                       Case No. 21-10827

v.                                         Hon. Laurie J. Michelson

CITY OF DETROIT, a municipal corporation,
DETROIT POLICE CHIEF JAMES CRAIG,
in his official capacity, and DETECTIVE
DONALD BUSSA, in his individual capacity,

               Defendants.

_____

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR MENTAL EXAMINATION OF PLAINTIFF

### Statement of Issues Presented

I.      Should the Court order Plaintiff to submit to a mental examination?

### Most Controlling Authority

I.      Fed. R. Civ. P. 35

## Statement of Facts

Plaintiff's allegations in this lawsuit include his claim that he has been diagnosed with post traumatic stress disorder (PTSD).  (**Exhibit A**). On March 21, 2023, Defendants requested Plaintiff to appear for a mental examination with a psychiatrist, Dr. Craig Lemmen on April 10, 2023. (**Exhibit B**). At the time Defendants made the request, Fact Discovery was open through April 10, 2023, Plaintiff's Expert Disclosures were due by April 21, 2023 and Expert Discovery was open through August 10, 2023.  (ECF No. 38, PageID.721).

On March 24, 2023 Plaintiff's counsel indicated they would not produce their client for an examination.  (**Exhibit C**). On April 3, 2023, Defendants requested a conference with the court in an attempt to resolve this matter. On April 7, 2023, the court held a telephone status conference in an attempt to resolve the issue, and provided the parties with some suggestions on resolving the issue.

On April 12, 2023, Defendants proposed a Stipulated Order for Mental Examination in order to resolve this matter without court action.  (**Exhibit D**). On April 17, 2023, Plaintiff rejected the proposed Stipulated Order.  (**Exhibit E**).

On April 19, 2023, the court entered a Stipulated Order to Amend Scheduling Order, which extended outstanding fact discovery until May 15, 2023, provided for Plaintiff's expert disclosures by May 26, 2023 and Expert Discovery through September 14, 2023.  (ECF No. 41, PageID.726).

1

## Standard of Review

Fed. R. Civ. P. 35 provides that "The court where the action is pending may order a party whose mental or physical condition… is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Rule 35(b)(2) permits Defendants to seek such an order by this motion upon good cause shown.  Rule 35 is to be accorded a broad and liberal treatment to effectuate its purpose of that civil trials in federal courts not be "carried on in the dark." *Schlagenhauf v. Holder*, 379 U.S. 104, 115 (1964).

## Analysis

In some situations, the pleadings alone are sufficient to meet the "in controversy" and "good cause" requirements of Rule 35.  *Schlagenhauf*, 379 U.S. at 119.  In this case, Plaintiff seeks damages for humiliation, shame, embarrassment and emotional distress.  (ECF No. 1, PageID.61). Most courts have held that plaintiffs do not place their mental condition in controversy merely by claiming "garden variety" emotional distress.  *Santifer v. Inergy Auto. Sys., LLC*, No. 5:15-CV-11486, 2016 WL 1305221, at *2 (E.D. Mich. Apr. 4, 2016) (collecting decisions).  However, a similar majority of courts have recognized that a mental exam is warranted when one or more of the following factors are present:

> (1) a tort claim is asserted for intentional infliction or negligent infliction of emotional distress; (2) **an allegation of a specific mental or psychiatric injury or disorder is made**; (3) a claim of unusually severe emotional distress is made; (4) **plaintiff intends to offer expert testimony in support of a claim for emotional distress damages**;

2

and/or (5) plaintiff concedes that her mental health condition is in controversy within the meaning of Rule 35. *Id.*

In this case, Plaintiff's answers to interrogatories make an allegation of a specific mental or psychiatric injury or disorder (PTSD) that was not contained in Plaintiff's complaint. Although Plaintiff has not made any expert disclosures at this time, his answers to interrogatories suggest that he will do so. In this case, Plaintiff's mental condition is in controversy and there is good cause to order a mental examination.

Moreover, it does not appear that Plaintiff denies that his mental health is in controversy. Rather, Plaintiff claims that Defendants' request is untimely. The court has broad discretion in establishing the timing of discovery. *T-Mobile USA, Inc. v. My Wireless Wholesale, Inc.*, No. 11-12334, 2011 WL 13220787, at *3 (E.D. Mich. Aug. 19, 2011). The basis of Plaintiff's objection is not clear, since both fact discovery and expert discovery remained open at the time of Defendants' request. Moreover, expert discovery remains open in this case until September 14, 2023 and Plaintiff has not yet provided his expert disclosures. Defendants expect those disclosures to include mental health experts.

In *Cessante v. City of Pontiac*, No. 08-CV-10497, 2009 WL 1586553, at *2 (E.D. Mich. June 4, 2009), the court ordered a mental examination after the close of discovery. In that case, discovery closed on March 6, 2009. The plaintiff's expert disclosures were due on March 6, 2009 and the defendants' expert

disclosures were due on April 6, 2009.  On April 30, 2009 the defendants filed a

motion to compel an independent medical examination.  On June 4, 2009, the court

granted the motion.  In *S.R. v. Kenton Cnty. Sheriff's Off.*, No. CV 15-143-WOB-

CJS, 2018 WL 11420453, at *2 (E.D. Ky. Feb. 12, 2018) the court ordered a

mental examination more than a year after discovery had closed.

In this case, Defendants requested a mental examination to take place before

fact discovery closed.  In this case, expert discovery remains open for four more

months.  In this case, it is within the court's discretion to order a mental

examination of Plaintiff because his mental condition is in controversy, and there is

good cause to order an examination.

WHEREFORE, Defendants request that this Honorable Court order Plaintiff

to submit to a mental examination.

Respectfully submitted,

/s/ Patrick M. Cunningham
PATRICK M. CUNNINGHAM (P67643)
City of Detroit Law Department
Attorneys for Defendants
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-5032
DATED: May 2, 2023          cunninghamp@detroitmi.gov

4

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2023, I electronically filed the foregoing with the clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record with the court.


<u>/s/ Patrick M. Cunningham</u>