# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ROBERT JULIAN-BORCHAK WILLIAMS,

        Plaintiff,

v.

CITY OF DETROIT, a municipal corporation, DETROIT POLICE CHIEF JAMES WHITE, in his official capacity, and DETECTIVE DONALD BUSSA, in his individual capacity,

        Defendants.

_____/

Case No. 21-cv-10827

Hon. Laurie J. Michelson

**<u>PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF RECORDS</u>**

Michael J. Steinberg (P43085)
Ben Mordechai-Strongin*
Julia Kahn*
Brendan Jackson*
Keenen McMurray*
Lacie Melasi*
Civil Rights Litigation Initiative
University of Michigan Law School
701 S. State St., Suite 2020
Ann Arbor, MI 48109
(734) 763-1983
mjsteinb@umich.edu
bmstrong@umich.edu
jekahn@umich.edu
brendjac@umich.edu
kbmcmurr@umich.edu
lmelasi@umich.edu
* Student Attorney practicing pursuant to Local Rule 83.21

_____/

Philip Mayor (P81691)
Daniel S. Korobkin (P72842)
Ramis J. Wadood (P85791)
American Civil Liberties
Union Fund of Michigan
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6803
pmayor@aclumich.org
dkorobkin@aclumich.org
rwadood@aclumich.org

Nathan Freed Wessler
American Civil Liberties
Union Foundation
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500
nwessler@aclu.org

## PLAINTIFF'S MOTION FOR SANCTIONS

Pursuant to Rules 37(e)(1) and 37(b)(2)(C) of the Federal Rules of Civil Procedure, Plaintiff Robert Julian-Borchak Williams respectfully moves this Court for sanctions against Defendants for failing to preserve relevant litigation records—namely, Defendant Donald Bussa's call logs and then-Captain Cox's text messages. Despite this Court ordering Defendants to provide an explanation for their destruction of these litigation records, Defendants have refused to do so. For the reasons set forth in the attached brief, this Court should impose appropriate evidentiary sanctions against Defendants to remedy their obstruction and award Plaintiff attorneys' fees for all time spent litigating this issue.

Pursuant to Local Rule 7.1(a), counsel for Plaintiff sought concurrence in this motion via email on May 2, 2023, and conferred with counsel for Defendants via phone regarding the relief sought on May 12, 2023, but did not obtain concurrence.

Respectfully submitted,

/s/ Michael J. Steinberg
Michael J. Steinberg (P43085)
Ben Mordechai-Strongin*
Julia Kahn*
Brendan Jackson*
Keenen McMurray*
Lacie Melasi*
Civil Rights Litigation Initiative
University of Michigan Law School
701 S. State St., Suite 2020
Ann Arbor, MI 48109
(734) 763-1983

Philip Mayor (P81691)
Daniel S. Korobkin (P72842)
Ramis J. Wadood (P85791)
American Civil Liberties
Union Fund of Michigan
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6803
pmayor@aclumich.org
dkorobkin@aclumich.org
rwadood@aclumich.org

1

mjsteinb@umich.edu
bmstrong@umich.edu
jekahn@umich.edu
brendjac@umich.edu
kbmcmurr@umich.edu
lmelasi@umich.edu

* Student Attorney practicing pursuant to
Local Rule 83.21

Dated: June 16, 2023

Nathan Freed Wessler
American Civil Liberties
Union Foundation
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500
nwessler@aclu.org

2

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT JULIAN-BORCHAK WILLIAMS,

      Plaintiff,

v.

CITY OF DETROIT, a municipal corporation,
DETROIT POLICE CHIEF JAMES WHITE,
in his official capacity, and DETECTIVE
DONALD BUSSA, in his individual capacity,

      Defendants.

_____/

Case No. 21-cv-10827

Hon. Laurie J. Michelson

**PLAINTIFF'S BRIEF IN
SUPPORT OF MOTION
FOR SANCTIONS FOR
SPOLIATION OF
RECORDS**

---

Michael J. Steinberg (P43085)
Ben Mordechai-Strongin*
Julia Kahn*
Brendan Jackson*
Keenen McMurray*
Lacie Melasi*
Civil Rights Litigation Initiative
University of Michigan Law School
701 S. State St., Suite 2020
Ann Arbor, MI 48109
(734) 763-1983
mjsteinb@umich.edu
bmstrong@umich.edu
jekahn@umich.edu
brendjac@umich.edu

* Student Attorney practicing pursuant to
Local Rule 83.21

_____/

Philip Mayor (P81691)
Daniel S. Korobkin (P72842)
Ramis J. Wadood (P85791)

American Civil Liberties
Union Fund of Michigan
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6803
pmayor@aclumich.org
dkorobkin@aclumich.org
rwadood@aclumich.org

Nathan Freed Wessler
American Civil Liberties
Union Foundation
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500
nwessler@aclu.org

# TABLE OF CONTENTS

INDEX OF AUTHORITIES............................................................................... ii

STATEMENT OF ISSUES PRESENTED........................................................ iii

INTRODUCTION ............................................................................................1

FACTUAL BACKGROUND............................................................................2

APPLICABLE LAW .......................................................................................4

ARGUMENT ..................................................................................................6

I.   Defendants' Spoliation of Relevant Litigation Records Is
     Sanctionable. .........................................................................................6

     A.   Defendants improperly spoliated relevant litigation records ...................6

     B.   Defendants' improper spoliation prejudiced Plaintiff............................10

II.  Evidentiary and Monetary Sanctions are Appropriate for Defendants'
     Misconduct. ..........................................................................................13

CONCLUSION .............................................................................................18

BRIEF FORMAT CERTIFICATION FORM .......................................................20

# INDEX OF AUTHORITIES

## Cases

*Adamczyk v. Sch. Dist. of City of Hamtramck Pub. Sch.*,
  No. 2:20-CV-12450, 2023 WL 2733385 (E.D. Mich. Mar. 31, 2023)............7, 11

*Beaven v. U.S. Dep't of Justice*,
  622 F.3d 540 (6th Cir. 2010) .................................................................... 4, 7, 13

*Consolidated Rail Corp. v. Yashinsky*,
  170 F.3d 591 (6th Cir.1999) ................................................................................5

*Courser v. Michigan House of Representatives*,
  831 F. App'x 161 (6th Cir. 2020) ......................................................................11

*Doe v. Lexington-Fayette Urb. Cnty. Gov't*,
  407 F.3d 755 (6th Cir. 2005) ...................................................................... 14, 15

*EMW Women's Surgical Ctr., P.S.C. v. Glisson*,
  No. 3:17-cv-00189, 2017 WL 4897528 (W.D. Ky. Oct. 30, 2017)....................15

*Lasko v. Mobile Hyperbaric Centers, LLC*,
  No. 1:19-cv-542, 2021 WL 733768 (N.D. Ohio Feb. 25, 2021) ........................17

*Prudential Def. Sols., Inc. v. Graham*,
  No. 20-11785, 2021 WL 4810498 (E.D. Mich. Oct. 15, 2021)......................7, 11

*Scioto Const., Inc. v. Morris*,
  No. 4:99-CV-83, 2007 WL 1656222 (E.D. Tenn. June 7, 2007) ........................5

*United States v. Reyes,*
  307 F.3d 451 (6th Cir. 2002) .............................................................................14

## Rules

Fed. R. Civ. P. 37(b)(2)(A) ..................................................................................4, 17

Fed. R. Civ. P. 37(b)(2)(A)(i) .................................................................................13

Fed. R. Civ. P. 37(b)(2)(A)(ii) ................................................................................17

Fed. R. Civ. P. 37(b)(2)(C) ...................................................................... 1, 5, 17, 18

Fed. R. Civ. P. 37(e)................................................................................... passim

Fed. R. Civ. P. 37(e)(1)............................................................................... passim

## STATEMENT OF ISSUES PRESENTED

Whether Defendants failed to preserve relevant litigation records, such as text messages and call logs, in violation of Fed. R. Civ. P. 37(e).

> Plaintiff's answer: Yes.

Whether Plaintiff was prejudiced by Defendants failure to preserve those call logs and text messages.

> Plaintiff's answer: Yes.

Whether Plaintiff is entitled to evidentiary sanctions that establish the spoliated text messages and call logs were unfavorable to Defendants and to attorneys' fees.

> Plaintiff's answer: Yes.

## INTRODUCTION

After nearly two years of protracted discovery, Plaintiff learned that Defendants improperly destroyed discoverable material in violation of Federal Rule of Civil Procedure 37(e). Plaintiff sought an explanation for that destruction two months ago, immediately upon learning that the records were destroyed. And when no explanation was provided, this Court ordered Defendants to provide one. Yet, Defendants have still refused to even respond to Plaintiff's communications about this issue, let alone explain why that material—namely, (1) the call logs for Defendant Donald Bussa's work and personal cell phones and (2) text messages between then-Captain Rodney Cox and various Detroit Police Department officials regarding the fallout of Mr. Williams' false arrest and apportionment of blame within the Department—was destroyed. These records are clearly responsive to Plaintiff's discovery requests, and are both relevant and important to Plaintiff's case. Plaintiff is prejudiced by Defendants' spoliation of them. In order to cure that prejudice and sanction Defendants for their failure to obey this court's order to explain the spoliation, the court should make appropriate factual findings and award expenses and attorneys' fees. Fed. R. Civ. P. 37(e)(1) (court should order measures "necessary to cure the prejudice" caused by spoliation of electronically stored records); Fed. R. Civ. P. 37(b)(2)(C) (providing for award of reasonable expenses, including attorneys' fees, when a party fails to obey a discovery order).

## FACTUAL BACKGROUND

Discovery in this case has been ongoing since August 2021. *See* Scheduling Order, ECF No. 14, PageID.208. After a series of extensions—which were mostly to provide Defendants with additional time to satisfy Plaintiff's discovery requests, the bulk of which were served in October 2021—fact discovery only recently closed. *See* Stipulated Order to Amend Scheduling Order, ECF No. 41, PageID.726. While fact discovery has largely been completed, Defendants have failed to adequately respond to several discovery requests, even after ample opportunity and in contravention of this Court's orders.

Relevant here, on January 11, 2023, Plaintiff requested several records from Defendants, the existence of which had only recently been revealed during depositions. *See* Ex. A, Plaintiff's Third Request for Production to Defendants. Among the requested records were (1) call logs for Defendant Donald Bussa's work and personal cell phones and (2) text messages between then-Captain Rodney Cox and various Detroit Police Department (DPD) officials, such as then-Chief James Craig, about the facts underlying this case (e.g., the Shinola investigation, the subsequent internal affairs investigation DPD conducted, and its consequences, including Cox's de-appointment and discipline). After a series of delays that resulted in this Court ordering Defendants to promptly satisfy the requests at a March 3 status conference, Defendants informed Plaintiff on April 12, 2023, that Defendants were

2

no longer in possession of these call logs and text messages "due to the passage of time." *See* Ex. B at 4–5, Defendants' Combined Supplemental Response to Plaintiff's Requests for Production to Defendants.

At a subsequent status conference on April 13, 2023, Plaintiff's counsel requested that Defendants explain why those relevant records were destroyed while litigation was anticipated or pending. Defendants' counsel did not have an answer, and this Court ordered Defendants to provide an answer by May 15, 2023. That deadline came and passed without an answer. Despite following up multiple times via email and phone and offering Defendants additional time to comply, Plaintiff still has not received an explanation (or even a response) from Defendants' regarding the destruction of call logs and text messages that directly relate to this litigation.

These records are important to Plaintiff's case. In his deposition, Detective Bussa asserted that he called the Wayne County Prosecutor's Office, and spoke with a prosecutor whose identity he could not remember, to seek advice on whether a photo lineup conducted with a security consultant (who was not an eye-witness to the alleged crime) could be sufficient to establish probable cause. Ex. C, Bussa Dep. 186:5–15, 189:17–192:3. However, Bussa's case notes contain no notation of such a call, even though his notes document other calls he made to other individuals in the course of his investigation. *See generally* Ex. D, Case Tracking Document for Investigation No. 1810050167. His call logs could confirm whether or not he

3

actually made that call, which is relevant to Bussa's apparent defense that he acted on the advice of a prosecutor.[1]

The text messages between then-Captain Cox and other DPD officials likely discuss his failure to properly train and supervise Detective Bussa, and thus could support Plaintiff's *Monell* claims concerning deficient supervision, training, and oversight.

## APPLICABLE LAW

Federal Rule of Civil Procedure 37(e) and the common law require litigation parties to preserve relevant records "in the anticipation or conduct of litigation." A party's duty to preserve relevant records arises as early as "when a party should have known that the evidence may be relevant to future litigation." *Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 553 (6th Cir. 2010) (citation omitted).

Sanctions for discovery violations are governed by Fed. R. Civ. P. 37, the relevant parts of which read as follows:

(b)(2)(A): If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to

---

[1] Detective Bussa further testified that he could not recall whether he actually mentioned to the prosecutor that the security official was not, in fact, an eyewitness to the Shinola theft. Ex. C, Bussa Dep. 190:13–24. Thus, the content of the alleged call may be at issue even if the call occurred. But call logs could well disprove that the call even occurred in the first place, which would be fatal to one of Detective Bussa's apparent defenses.

4

provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. . . .

(b)(2)(C): Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. . . .

(e): If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court: (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice . . . .

In addition, a district court may exercise its civil contempt power to compel a litigant to comply with a court order and to compensate the opposing party for costs associated with that litigant's contemptuous conduct. *Consolidated Rail Corp. v. Yashinsky*, 170 F.3d 591, 595 n. 5 (6th Cir.1999). *See also Scioto Const., Inc. v. Morris*, No. 4:99-CV-83, 2007 WL 1656222, at *3-4 (E.D. Tenn. June 7, 2007) (collecting cases).

Therefore, should this Court determine that Defendants have failed to preserve relevant litigation records and to comply with this Court's order to explain the records' destruction, Defendants may be subject to penalties under Rule 37(b)(2)(A)–(C) and 37(e)(1) and may be held in contempt of court.

## ARGUMENT

### I.   Defendants' Spoliation of Relevant Litigation Records Is Sanctionable.

By failing to preserve Defendant Bussa's relevant call logs and then-Captain Cox's relevant text messages, Defendants violated their fundamental duty to preserve relevant litigation records in accordance with Fed. R. Civ. P. 37(e). That spoliation has caused prejudice to Plaintiff, who is now unable to use these records to support his arguments regarding Defendant Donald Bussa's individual liability and Defendant City of Detroit's *Monell* liability. Because Defendants' improper spoliation has prejudiced Plaintiff, this Court should order whatever sanctions it deems necessary to cure that prejudice.

### A.   *Defendants improperly spoliated relevant litigation records.*

By claiming that they no longer possess Defendant Bussa's call logs and then-Captain Cox's text messages due to the "passage of time," Defendants have all but admitted that they improperly spoliated relevant litigation records. Courts in the Eastern District of Michigan follow a three-pronged test for determining whether a litigation party has improperly spoliated records:

> (1) electronically stored information that should have been preserved 'in the anticipation or conduct of litigation' was lost; (2) the party who had a duty to preserve the information 'failed to take reasonable steps to preserve' it; and (3) the information 'cannot be restored or replaced through additional discovery.'

6

*Adamczyk v. Sch. Dist. of City of Hamtramck Pub. Sch.*, No. 2:20-CV-12450, 2023 WL 2733385, at \*13 (E.D. Mich. Mar. 31, 2023) (quoting *Prudential Def. Sols., Inc. v. Graham*, No. 20-11785, 2021 WL 4810498, at \*5 (E.D. Mich. Oct. 15, 2021)). Here, Defendants' spoliation fulfills all three prongs of this test.

First, there is no dispute that the requested call logs and text messages were lost. Defendants themselves admit that they no longer possess them. *See* Ex. B at 4–5. And Defendants certainly had a duty to preserve those call logs and text messages in the first place. A party's duty to preserve relevant records arises as early as "when a party should have known that the evidence may be relevant to future litigation." *Beaven*, 622 F.3d at 553 (citation omitted). Here, Defendants *should have known* that litigation was imminent as early as January 23, 2020, when the Wayne County Prosecutor's Office dismissed all charges against Plaintiff (which itself was nearly two weeks after it was clear to DPD detectives that Plaintiff was not the right suspect). But at the very least, Defendants have been on actual notice of potential litigation since June 24, 2020, when Plaintiff filed a police complaint regarding his unlawful arrest. *See* Ex. E, Letter from Phil Mayor, Senior Staff Attorney, ACLU of Michigan, to Office of Chief Investigator (Jun. 24, 2020). Indeed, just two weeks later, then-Corporation Counsel for the City of Detroit Lawrence Garcia stated publicly that "We do anticipate a lawsuit… [and] we would be conceding liability."

*See* Ex. F, Lawrence Garcia, Remarks at the Meeting of the Board of Police Commissioners 68:19 – 69:2 (July 9, 2020).

As to the spoliated call logs, Defendant Bussa claimed at his deposition that he called the Wayne County Prosecutor's Office during the week of July 23, 2019, even though he could not recall with whom he spoke and even though he made no contemporaneous notes about the call or its substance. *See* Ex. C, Bussa Dep. 186:12–15, 189:17–192:3. Defendants have already suggested that they will rely on the substance of this supposed call as part of their defense. Call logs would not demonstrate the content of any supposed call, but they would at least indicate whether such a call even occurred.

These call logs should have been preserved. The alleged call occurred less than a year before the City of Detroit was on actual notice of impending litigation, and the Detroit Police Department has a data retention policy that requires all department records to be retained for a period of time specified in the policy. *See* Ex. G, DPD Manual Directive 101.11. While the data retention policy does not explicitly mention call log records, most categories of records are retained for periods measured in years, not months or days. Correspondence, for example, must be retained for two years. In fact, nearly all of the record types that carry a retention period of less than one year are audio or video recordings. In short, Defendants

should still have had possession of the spoliated call logs as of June 24, 2020—less than a year after the alleged call was made.

As to the spoliated text messages, deposition testimony from then-Captain Cox suggests that the messages, which concerned his impending de-appointment, were exchanged in November 2020, a few months *after* the City of Detroit recognized they anticipated litigation regarding Plaintiff's false arrest. *See* Ex. H, Cox Dep. at 155:16–156:14; Ex. I, Letter from James Craig, Chief, Detroit Police Department, to Rodney Cox, Captain, Detroit Police Department (Nov. 10, 2020). Cox's de-appointment unquestionably concerned, at least in part, his failure to supervise Detective Bussa in the investigation underlying this case, *see* Ex. J, Craig Dep. 88:4–13, 102:22–103:5 (testifying that Cox's failure to supervise Detective Bussa's Shinola investigation was a factor in Cox's de-appointment); Ex. H, Cox Dep. at 148:19–150:10, 154:7–156:9, and communications about that failure are obviously relevant to this litigation. Defendants had a duty to preserve those text messages in anticipation of litigation but failed to do so.

On the second prong of the spoliation test, Defendants have given no indication that they took reasonable steps to preserve the call logs and text messages. In fact, their only explanation for their improper spoliation points to the contrary: Defendants claim they no longer possess the call logs and text messages "due to the

passage of time," suggesting that no steps at all were taken to prevent routine or inadvertent deletion of relevant litigation records.

Finally, as to the third prong, Defendants have not shown that any attempt has been made to restore the spoliated call logs and text messages, or that such a restoration is even possible. Plaintiff would gladly withdraw his motion if Defendant restores and produces the requested records. Otherwise, the call logs and text messages cannot be replaced: Plaintiff can think of no other record available via discovery that would contain documentation of Defendant Bussa's call to the Wayne County Prosecutor's Office, or that would reveal relevant text conversations between then-Captain Cox and other DPD officials such as then-Chief Craig.

In sum, at the time Defendants were on notice of anticipated litigation, they were in possession of the spoliated call logs and text messages and had a duty to preserve them. They failed to take any reasonable steps to preserve those records, and instead let those records be destroyed "due to the passage of time." Because of the nature and uniqueness of the records, it appears they cannot be restored or replaced. Therefore, this Court should impose appropriate sanctions to make up for the irreversible spoliation of these relevant litigation records.

## B.   *Defendants' improper spoliation prejudiced Plaintiff.*

Further motivating the need for sanctions is the extent of prejudice Plaintiff has faced due to Defendants' improper spoliation. Once a litigation party satisfies

all three prongs of the above test, courts next determine whether the improper spoliation prejudiced the opposing party.[2] *See Adamczyk*, 2023 WL 2733385 at *13. In the context of spoliation, courts have understood prejudice to simply be a loss of records that "could negatively impact a party's ability to make its case." *Prudential Def. Sols., Inc.,*2021 WL 4810498, at *8 (cleaned up). In *Adamczyk*, for example, the mere possibility that "there might have been information relevant to the present litigation" in deleted text messages was enough to establish prejudice. 2023 WL 2733385 at *15. *See also Courser v. Michigan House of Representatives*, 831 F. App'x 161, 187-88 (6th Cir. 2020) ("the information's importance in the litigation" can also be a consideration). The spoliated call logs and text messages are undoubtedly relevant and important in this case. As to the call logs, multiple deposition witnesses testified that they believe Defendant Bussa is not solely responsible for utilizing a non-eyewitness in a lineup because he allegedly sought and received advice from an unnamed member of the Wayne County Prosecutor's Office about his investigation. *See* Ex. H, Cox Dep. 101:16–103:5; Ex. K, Chadwick-Bills Dep. 79:18–22. Defendant Bussa himself testified that he called the

---

[2] Fed R. Civ. P. 37(e)(2) provides for specified sanctions when the spoliating party *intentionally* deprives the opposing party of the requested information. However, Plaintiff here is proceeding under (e)(1), which only requires a showing of prejudice—not intentionality. *See Prudential Def. Sols.,* , 2021 WL 4810498, at *5-7 (noting the two separate paths to liability for spoliation "[d]epending on a finding of an intentional deprivation of evidence").

prosecutor's office to seek that advice. *See* Ex. C, Bussa Dep. 186:13–15. However, to date, there has been no documented proof that Defendant Bussa made such a call. The activity log that Bussa maintained in the Shinola investigation does not indicate that any call was made to the prosecutor's office, despite that log including multiple entries for *other* calls and meetings Defendant Bussa had with external parties. *See* Ex. D, Case Tracking Document for Investigation No. 1810050167. The only possible confirmation of Defendant Bussa's self-serving testimony that he made such a call would be the spoliated call logs.[3]

As to the spoliated text messages, then-Captain Cox and then-Chief Craig both testified that Cox's inadequate supervision of Defendant Bussa during his investigation into the Shinola theft was a factor in his de-appointment. *See* Ex. H, Cox Dep. 31:18–25, 140:1–17; Ex. J, Craig Dep. 88:7–13. Cox testified that he exchanged text messages with Craig and other officials concerning his de-appointment. *See* Ex. H, Cox Dep. 155:25–156:9. The text messages Cox exchanged with Craig and other officials likely elaborate upon the deficiencies Craig saw in Cox's and the department's supervision of detectives and would likely reveal who the department felt should be blamed for Plaintiff's false arrest. The content of these

---

[3] It is unclear whether Defendant Bussa made the alleged call on a department phone or on his personal cell phone. Plaintiff's discovery requests encompassed both devices and both the DPD and Defendant Bussa in his personal capacity are sued here and were under an obligation to preserve relevant records.

texts relate directly to Plaintiff's *Monell* claim. And more generally, text messages between Cox and department officials such as Craig likely discuss how department personnel handled the Shinola investigation and how department leadership chose to respond to its aftermath and the resulting publicity (e.g., by quietly de-appointing or transferring personnel)—information that is directly relevant to Plaintiff's case.

Together, the loss of call logs and text messages leaves noticeable holes in Plaintiff's ability to construct a cohesive narrative of the investigation that led to Plaintiff's wrongful arrest and DPD's subsequent actions. That outcome should easily satisfy any inquiry into prejudice. And at this stage, sanctions are the only appropriate tools remaining to cure that prejudice.

## II.   Evidentiary and Monetary Sanctions are Appropriate for Defendants' Misconduct.

Once the Court determines that Defendants have engaged in sanctionable conduct in violating Fed. R. Civ. P. 37(e), it must determine what sanctions are appropriate. Fed. R. Civ. P. 37(e)(1) does not specify the type of sanction that should be imposed here, leaving this Court with "broad discretion" in crafting spoliation sanctions under Rule 37(e)(1). *Beaven*, 622 F.3d at 553. Given this discretion and the nature of Defendants' conduct, the most appropriate sanction would be evidentiary in nature—namely, an order directing that the content of the spoliated material be taken as established in Plaintiff's favor. *See infra* (describing requested evidentiary sanctions). *See also* Fed. R. Civ. P. 37(b)(2)(A)(i).

The Sixth Circuit employs a four-part test to determine whether sanctions are appropriate:

> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered.

*Doe v. Lexington-Fayette Urb. Cnty. Gov't*, 407 F.3d 755, 766 (6th Cir. 2005). Because Plaintiff is not seeking dismissal, the fourth part of the test is not relevant here.

As to the first prong, Defendants are—at the very least—at fault for the spoliation of evidence. They had actual notice of impending litigation since at least June 2020 and should have acted responsibly to preserve Detective Bussa's call logs and then-Captain Cox's text messages. Whether this failure to preserve evidence demonstrates willfulness or bad faith is not particularly relevant, since the burden of proof is on the sanctioned party to establish that its "failure to comply was due to inability, not willfulness or bad faith." *United States v. Reyes,* 307 F.3d 451, 458 (6th Cir. 2002).

For the second prong, Plaintiff has already established the prejudice created by the spoliated evidence above. *Supra* Part I.B. The missing call logs and text messages leave Plaintiff unable to complete a cohesive narrative of the events

leading up to this case and deprive Plaintiff of the ability to verify important details of Detective Bussa's claims.

Finally, as to the third prong, Defendants have been "warned that failure to cooperate could lead to the sanction." *Lexington-Fayette Urb. Cnty. Gov't*, 407 F.3d at 766. This Court ordered Defendants at an April 13, 2023, status conference to explain why it destroyed call logs and text messages by May 15, 2023. This Court stated then that no pre-motion conference would be necessary for any subsequent motion for sanctions. Still, after that status conference, Plaintiff reminded Defendants of their obligation via email and emphasized that, if Defendants refuse to comply, Plaintiff would be forced to seek sanctions. (Defendants did not respond to that email). Ex. L, E-mail from Ramis Wadood, Skadden Fellow, ACLU of Michigan, to Patrick Cunningham, Asst. Corporation Counsel, City of Detroit Law Dep't, (May 2, 2023, 1:00 EDT). Defendants thus had ample notice of their duty to fulfill this Court's orders but refused to do so within the generous time period this Court imposed, or even in the additional time since the close of fact discovery offered as a courtesy by Plaintiff.

Evidentiary sanctions are generally avoided where the primary harm from the sanctioned conduct is monetary or where the parties are able to resolve their dispute without court intervention. *EMW Women's Surgical Ctr., P.S.C. v. Glisson*, No. 3:17-cv-00189, 2017 WL 4897528, at *5 (W.D. Ky. Oct. 30, 2017). But that is not

the case with Defendants' irreparable misconduct here, which is primarily evidentiary in nature.

Accordingly, pursuant to Fed. R. Civ. P. 37(e)(1), this Court should exercise its discretion to order that the following facts be taken as established:

1. **Fact to be taken as established:** Defendant Donald Bussa did not call the Wayne County Prosecutor's Office in July 2019 to seek advice from a prosecutor on whether he could use Katherine Johnston as a witness in a photographic lineup

   **Basis for fact:** Ex. D, Case Tracking Document for Investigation No. 1810050167(not mentioning any call to the Wayne County Prosecutor's Office despite documenting other external calls and meetings).

2. **Fact to be taken as established:** Then-Captain Cox was de-appointed from his rank of Captain because of his failure to properly supervise and train Donald Bussa in his investigation into the October 2018 theft of watches from a Shinola store in midtown Detroit.

   **Basis for fact:** Ex. H, Cox Dep. 31:18–32:23 (testifying that the "incident concerning the Shinola case" was the reason for his de-appointment), 140:8–17 (testifying that Cox understood his de-appointment to be a disciplinary action in response to the Shinola investigation); Ex. J, Craig Dep. 88:4–13, 102:22–103:5 (testifying that Cox's failure to supervise Detective Bussa's Shinola investigation was a factor in his de-appointment).

3. **Fact to be taken as established:** Then-Chief James Craig considered then-Captain Cox's supervision and training of Detective Bussa to be inadequate because it facilitated the deficiencies in Bussa's investigation into the October 2018 Shinola watch thefts—namely his failure to disclose important exculpatory information to the magistrate and his use of a non-eyewitness in a lineup—that Craig considered to be "sloppy" detective work.

   **Basis for fact**: Ex. F, Transcript of July 9, 2020, Board of Police Commissioners Meeting 55:20–56:4 (Chief Craig calling the Shinola

16

investigation "clearly sloppy, sloppy investigative work"), 57:1–58:10 (Chief Craig identifying issues in the investigation, including the use of a non-eyewitness); Ex. M, Chief James Craig's July 9, 2020, Presentation to the Board of Police Commissioners, slides 4, 10 (identifying the fact that Bussa used a non-eyewitness and concluding that "this investigation was not up to Department standards").

In addition to ordering that these facts be taken as established for purposes of this case, this Court should also bar Defendants from introducing matters in evidence that contradict these established facts. *See, e.g., Lasko v. Mobile Hyperbaric Centers, LLC*, No. 1:19-cv-542, 2021 WL 733768 at *11 (N.D. Ohio Feb. 25, 2021). *Cf.* Fed. R. Civ. P. 37(b)(2)(A)(ii).

Finally, in this Court's discretion under Fed. R. Civ. P. 37(e)(1), and as required by Rule 37(b)(2)(C), Plaintiff should also be awarded monetary sanctions for the attorney fees and costs associated with encouraging Defendants to comply with this Court's orders and with filing this motion. Rule 37(b)(2)(C), which *requires* the Court to order the disobedient party to pay expenses, including attorneys' fees, applies because Defendants "fail[ed] to obey an order to provide or permit discovery," Fed. R. Civ. P. 37(b)(2)(A)—namely, the order at the April 13, 2023 status conference directing Defendants to explain their spoliation of records.

Without these sanctions, Plaintiff will be prejudiced in this suit, and Defendants will be uninhibited from repeating their obstructionist conduct in future lawsuits seeking to hold the Detroit Police Department accountable for violating an individual's constitutional rights.

**CONCLUSION**

Plaintiff, and this Court, have given Defendants every opportunity to explain their improper spoliation of call logs and text messages. But, nearly two years after fact discovery began, it has become clear that the time for extending Defendants the benefit of the doubt is at an end. Eager to move this case forward, Plaintiff Robert Williams respectfully moves this Court to impose the evidentiary and monetary sanctions detailed above, as well as any other sanctions the Court deems just, on Defendants pursuant to Fed. R. Civ. P. 37(b)(2)(C), 37(e)(1), and this Court's inherent power.

Respectfully submitted,

/s/ Michael J. Steinberg
Michael J. Steinberg (P43085)
Ben Mordechai-Strongin*
Julia Kahn*
Brendan Jackson*
Lacie Melasi*
Keenen McMurray*

Civil Rights Litigation Initiative
University of Michigan Law School
701 S. State St., Suite 2020
Ann Arbor, MI 48109
(734) 763-1983
mjsteinb@umich.edu
bmstrong@umich.edu
jekahn@umich.edu
brendjac@umich.edu
kbmcmurr@umich.edu
lmelasi@umich.edu

* Student Attorney practicing
pursuant to Local Rule 83.21

Dated: June 16, 2023

Philip Mayor (P81691)
Daniel S. Korobkin (P72842)
Ramis J. Wadood (P85791)

American Civil Liberties Union
Fund of Michigan
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6803
pmayor@aclumich.org
dkorobkin@aclumich.org

Nathan Freed Wessler
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500
nwessler@aclu.org

19

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT JULIAN-BORCHAK WILLIAMS,<br><br>      Plaintiff,<br><br>v.<br><br>CITY OF DETROIT, a municipal corporation, DETROIT POLICE CHIEF JAMES WHITE, in his official capacity, and DETECTIVE DONALD BUSSA, in his individual capacity,<br><br>      Defendant(s). | Case No. 21-cv-10827<br>Honorable Laurie J. Michelson |

### BRIEF FORMAT CERTIFICATION FORM

I, Michael J. Steinberg, hereby certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1 and Judge Michelson's Case Management Requirements. In particular, I certify that each of the following is true (click or check box to indicate compliance):

☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are searchable .pdfs, *see* Case Management Requirements § III.A;

☒ the brief is double spaced (except for footnotes and necessary block quotes) with one-inch margins, *see* LR 5.1(a)(2);

☒ deposition transcripts have been produced in their entirety and not in minuscript, *see* Case Management Requirements § III.A;

☒ if the brief and exhibits total 50 pages or more, a courtesy copy with ECF headers will be sent to chambers, *see* Case Management Requirements § III.B.

I also acknowledge that if the Court later finds that these requirements are not met, my brief will be stricken.

*/s/ Michael J. Steinberg*
Michael J. Steinberg
Dated: June 16, 2023