UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JULIAN-BORCHAK WILLIAMS,

        Plaintiff,　　　　　　　　　　Case No. 21-10827

v.　　　　　　　　　　　　　　　　Hon. Laurie J. Michelson

CITY OF DETROIT, a municipal corporation,
DETROIT POLICE CHIEF JAMES CRAIG,
in his official capacity, and DETECTIVE
DONALD BUSSA, in his individual capacity,

        Defendants.

_____

**DEFENDANTS' RESPONSE TO PLAINTIFF'S FRIVOLOUS MOTION
FOR SANCTIONS (ECF No. 49)**

# Contents

Contents ............................................................................................................. i
Statement of Questions Presented .................................................................... ii
Most Appropriate Authority ............................................................................ iii
Introduction ....................................................................................................... 1
Standard of Review ........................................................................................... 1
Facts ................................................................................................................... 1
Analysis .............................................................................................................. 2
   I.   Defendants had no obligation to preserve the call logs from Detective Bussa's telephones or any text messages between Cox and Craig. ................... 5
   II.   Plaintiff has not suffered prejudice because the call logs and text messages were not preserved. .......................................................................... 8
   III.   Plaintiff's proposed remedy violates Fed. R. Civ. P. 37(e)(2). ................. 9
Conclusion ....................................................................................................... 10

## Statement of Questions Presented

I.     Whether Plaintiff's frivolous motion should be denied.

## Most Appropriate Authority

Fed. R. Civ. P. 37(e):

> **(e) Failure to Preserve Electronically Stored Information.** If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>> **(1)** upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>> **(2)** only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> **(A)** presume that the lost information was unfavorable to the party;
> **(B)** instruct the jury that it may or must presume the information was unfavorable to the party; or
> **(C)** dismiss the action or enter a default judgment.

When a party destroys evidence in anticipation of litigation, the trial court may impose sanctions for spoliation. *Applebaum v. Target Corp.*, 831 F.3d 740, 744 (6th Cir. 2016). When a party seeks sanctions under Fed. R. Civ. P. 37(e)(2), the moving party must show that the adverse party "acted with the intent to deprive another party of the information's use in the litigation." "A showing of negligence or even gross negligence will not do the trick." *Applebaum* at 745.

iii

## Introduction

Plaintiff's frivolous motion satisfies none of the requirements for the relief he seeks and should plainly be denied.

## Standard of Review

When a party destroys evidence in anticipation of litigation, the trial court may impose sanctions for spoliation. *Applebaum v. Target Corp.*, 831 F.3d 740, 744 (6th Cir. 2016).  When a party seeks sanctions under Fed. R. Civ. P. 37(e)(2), the moving party must show that the adverse party "acted with the intent to deprive another party of the information's use in the litigation."  "A showing of negligence or even gross negligence will not do the trick."  *Applebaum* at 745.

## Facts

On July 30, 2019 Detective Donald Bussa submitted a request for a warrant for Plaintiff's arrest after Katherine Johnston identified Plaintiff as the suspect in a retail fraud investigation involving thousands of dollars' worth of items stolen from the Shinola store on W. Canfield in Detroit.  (**Exhibit 1**).  In the warrant request, Detective Bussa stated: "*Video was reviewed by Katherine Johnston* of Mackinac Partners, Loss prevention company used by Shinola.  Ms. Johnston seen the suspect Mr. Williams in the watch area take 5 watches from the displays and then exit the store.  Ms. Johnston saved the video and store notified police." (**Id**).

1

Detective Bussa indicated that Katherine Johnston had provided a statement, and attached a copy of her statement to his warrant request. (**Id**). In her statement, Ms. Johnston indicated that the watches had been stolen on October 2, 2018 at 5:13 p.m., and stated: "I, Katherine Johnston, Security Advisor to Shinola, witnessed this theft occur *on CCTV footage once the store reported the theft to my team*. The theft was reported to me on 10/2/2018 at 5:50 p.m. and *I received/reviewed CCTV footage on 10/8/18 at 10:31 a.m. In reviewing the CCTV footage from this incident, I witnessed the individual enter…* and exiting the store at 5:15 p.m. with the concealed and stolen merchandise." A facial recognition analysis performed by the Michigan State Police (not the Detroit Police Department) identified Plaintiff as an investigative lead. (**Id**). Ms. Johnston picked Mr. Williams out of a photographic lineup. (**Id**). A prosecutor approved the warrant request. (**Id**). A magistrate signed a warrant for Plaintiff's arrest. (**Exhibit 2**). Plaintiff was subsequently arrested and held for approximately thirty hours. The charges against him were ultimately dismissed.

**Analysis**

Fed. R. Civ. P. 37 provides:

> **(e) Failure to Preserve Electronically Stored Information.** If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to

> take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>> **(1)** upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>> **(2)** only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> **(A)** presume that the lost information was unfavorable to the party;
> **(B)** instruct the jury that it may or must presume the information was unfavorable to the party; or
> **(C)** dismiss the action or enter a default judgment.

The comments to Rule 37 state that subsection (e) was amended in 2015 to address the fact that litigants were expending "excessive effort and money on preservation in order to avoid the risk of severe sanctions if a court finds they did not do enough." (**Exhibit 3**). Even when litigation is likely, "the scope of information that should be preserved may remain uncertain." Rule 37(e) "applies only if the information was lost because the party failed to take reasonable steps to preserve the information. Due to the ever-increasing volume of electronically stored information and the multitude of devices that generate such information, perfection in preserving all relevant electronically stored information is often impossible."

Rule 37(e)(1) "applies only if information should have been preserved in the anticipation or conduct of litigation, a party failed to take reasonable steps to preserve the information, information was lost as a result, and the information could not be restored or replaced by additional discovery. In addition, a court may

3

resort to (e)(1) measures only 'upon finding prejudice to another party from loss of the information' An evaluation of prejudice from the loss of information necessarily includes an evaluation of the information's importance in the litigation." (**Id**).

Rule 37(e)(2) "authorizes courts to use specified and very severe measures to address or deter failures to preserve electronically stored information, but only on finding that the party that lost the information acted with the intent to deprive another party of the information's use in the litigation. It is designed to provide a uniform standard in federal court for use of these serious measures when addressing failure to preserve electronically stored information. It rejects cases such as *Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99 (2d Cir. 2002), that authorize the giving of adverse-inference instructions on a finding of negligence or gross negligence."

If a remedy is appropriate under Rule 37(e)(1), then "[c]are must be taken… to ensure that curative measures under subdivision (e)(1) do not have the effect of measures that are permitted under subdivision (e)(2) only on a finding of intent to deprive another party of the lost information's use in the litigation."

I. **Defendants had no obligation to preserve the call logs from Detective Bussa's telephones or any text messages between Cox and Craig.**

The allegations in this case are that Detective Bussa knowingly and recklessly misrepresented and omitted key facts and excluded exculpatory information in the written request for Plaintiff's arrest. Defendants have produced the investigation file, the warrant request, Detective Bussa's case management notes and thousands of pages of documents and emails as well as video and audio recordings of interviews of various person involved in Plaintiff's non-violent arrest (pursuant to a valid warrant) and thirty-hour incarceration.

On January 11, 2023, Plaintiff requested for the first time that Defendants produce call logs from Defendant Bussa's work phone and cell phone from July of 2020.[1] Plaintiff also requested any text message between Lt. Rodney Cox and former Chief James Craig from years prior to the request. Defendants have produced the internal affairs investigation into Lt. Cox's conduct as well as the plea agreement that resulted in Lt. Cox being de-appointed as a Captain. (**Exhibits 4, 5**) Lt. Cox and Chief Craig also both testified at a deposition. (ECF No. 49-9, ECF No. 49-11).

Neither the City nor Detective Bussa were in possession of the call logs from nearly three years earlier. At his deposition, Detective Bussa testified that he spoke

---

[1] Detective Bussa's call to the prosecutor actually took place in July 2019.

5

to a prosecutor on the telephone prior to submitting the written warrant request. There is no evidence what telephone Detective Bussa used for that conversation. Detective Bussa's testimony was that the prosecutor he spoke to on the phone advised him he could submit a warrant using Katherine Johnston's identification of Plaintiff as part of the basis of his warrant request. (ECF 49-4 186:5-15, 189:17-192:3). This is consistent with Detective Bussa' written warrant request, which included Katherine Johnston's identification of Plaintiff, and was approved by a prosecutor. (**Exhibit 1**).

In this case, there was nothing to suggest to Defendants that the call logs for Detective Bussa's phones should have been preserved. The City's call logs are maintained for only 30 days. Detective Bussa does not possess a call log for the cell phone from the relevant period and has not been able to obtain one from his service provider. Plaintiffs did not request this information until years after the call at issue, and there was nothing to suggest to Defendants that peripheral evidence like these telephone logs should have been preserved even after litigation appeared likely. Plaintiff has also failed to identify any reasonable step Defendants failed to take to preserve telephone logs from years prior to Plaintiff's request. With respect to his desk phone, Detective Bussa did not maintain the call logs, and they were not accessible to him.

6

Neither Chief Craig nor Lt. Cox were in possession of the cell phones they had used to send any text messages they might have exchanged between May 2020 and May 2022. Both had been issued cell phones by the City and both had turned those phones back to the City prior to Plaintiff's request. Chief Craig had retired and Lt. Cox was issued a different cell phone. The City did not retain any text messages from either phone.

In this case, there was nothing to suggest to the City that any text messages between Cox and Craig regarding Cox's de-appointment from Captain to Lieutenant should be retained. Cox is not a party to this lawsuit. The City has already produced its internal affairs report related to Cox's involvement in this case, and has produced documents related to the de-appointment process, and both Cox and Craig testified at depositions. To the extent that any text messages might have contained predecisional deliberative statements from Chief Craig prior to a final resolution of Cox's de-appointment, as Plaintiff suggests, they would also have been protected by the deliberative process privilege.

Plaintiffs did not request this information until years after the text messages at issue, and there was nothing to suggest to Defendants that peripheral evidence like these texts should have been preserved even after litigation appeared likely. Plaintiff has also failed to identify any reasonable step Defendants failed to take to

7

preserve unrelated, possibly privileged text messages from years prior to Plaintiff's request.

## II. Plaintiff has not suffered prejudice because the call logs and text messages were not preserved.

Pursuant to Rule 37(e)(1) if Plaintiff has been prejudiced the court may order measures no greater than necessary to cure the prejudice. With respect to the call logs, it is not clear that either of these phones was used by Detective Bussa to call the prosecutor's office. Second, the call logs would not confirm the content of any discussion between Detective Bussa and a prosecutor. Third, the telephone call duplicates the information that Detective included in the written warrant request that was approved by the prosecutor. Finally, the call logs would in no way impeach the written warrant request that was approved by the prosecutor. The call logs themselves are unimportant and the abundance of preserved information in this case is sufficient to meet the needs of all parties. Plaintiff has failed to establish prejudice.

With respect to the text messages, any relevant text messages would likely have been privileged, Cox and Craig both testified about the circumstances surrounding Cox's de-appointment, and any relevant information contained in the text messages would duplicate the information in the internal affairs investigation and de-appointment documents. The text messages are unimportant and the

8

abundance of preserved information in this case is sufficient to meet the needs of all parties. Plaintiff has failed to establish prejudice.

### III. Plaintiff's proposed remedy violates Fed. R. Civ. P. 37(e)(2).

Plaintiff is attempting to use Rule 37(e)(1) to obtain remedies that are only available under Rule 37(e)(2). Plaintiff's proposed remedy is that "facts be taken as established," which is identical to a presumption that the lost information was unfavorable to defendants. This remedy is only permitted under Rule 37(e)(2) after a showing of intent to deprive another party of information.

If a remedy is appropriate under Rule 37(e)(1), then "[c]are must be taken… to ensure that curative measures under subdivision (e)(1) do not have the effect of measures that are permitted under subdivision (e)(2) only on a finding of intent to deprive another party of the lost information's use in the litigation." (**Exhibit 3**). Plaintiff is frivolously asking the court to use Rule 37(e)(1) to impose sanctions without any showing of intent that are severe even under Rule 37(e)(2). When a party destroys evidence in anticipation of litigation, the trial court may impose sanctions for spoliation. *Applebaum v. Target Corp.*, 831 F.3d 740, 744 (6th Cir. 2016). When a party seeks sanctions under Fed. R. Civ. P. 37(e)(2), the moving party must show that the adverse party "acted with the intent to deprive another party of the information's use in the litigation." "A showing of negligence or even gross negligence will not do the trick." *Applebaum* at 745.

9

There was no information that should have been preserved, there was no reasonable step Defendants failed to take to preserve the information, and there was no prejudice to Plaintiff. However, if any remedy is appropriate in this case, it is a remedy like the one provided by the court in *Best Value Auto Parts Distributors, Inc., Plaintiff, V. Quality Collision Parts, Inc., Nathir Hermiz, & Jose Ojeda, Defendants.*, No. 19-12291, 2021 WL 2201170, at *3 (E.D. Mich. May 31, 2021), where the court permitted the parties to present evidence and argument to the jury regarding the loss of information. If any remedy is necessary it should be that Plaintiff is permitted to introduce evidence at trial regarding the preservation of the call logs and text messages, and may argue for whatever inferences he hopes the jury will draw, and Defendants may present their own evidence and argue that no inference should be drawn.

## Conclusion

Plaintiff's frivolous motion satisfies none of the requirements for the relief he seeks and should plainly be denied.

**WHEREFORE,** Defendants request that this Court deny Plaintiff's motion.

Respectfully submitted,

By: /s/ Patrick M. Cunningham
PATRICK M. CUNNINGHAM (P67643)
City of Detroit Law Department
Attorney for Defendants
Coleman A. Young Municipal Center
2 Woodward Avenue, Suite 500
Detroit, MI 48226 (313) 237-5032
cunninghamp@detroitmi.gov

DATED: July 7, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2023, I electronically filed the foregoing with the clerk of the Court using the ECF system, which will send notification and a copy of such filing to the attorneys of record with the court.

/s/ Patrick M. Cunningham